WATKINS, Judge.
Defendant was charged by bill of information with the crime of theft of approximately 6,000 gallons of gasoline having a value in excess of $500.00 in violation of LSA-R.S. 14:67. Following a trial by a six-person jury, the defendant was found guilty as charged. He was sentenced by the court to pay a fine of $2,000.00 and court costs or to serve ninety (90) days in the parish jail, and, in addition, was sentenced to confinement at hard labor for a period of seven (7) years. Defendant now appeals his conviction and sentence, alleging two assignments of error, viz:
1. The trial court erred when it overruled defendant’s motion for a new trial based on the grounds that the state failed to prove an essential element, that the value of the property taken was over $500.00, by evidence beyond a reasonable doubt.
2. The trial court erred when it overruled defendant’s motion for a new trial on the grounds that the state failed to respond to defendant’s timely filed motion for discovery requesting a portion of the seized substance for analysis by defendant.
FACTS:
Defendant was arrested at approximately 2:15 a.m. on March 2, 1982, while attempting to release his tractor-trailer tank truck which had become stuck in the muddy area adjacent to the bank of the Intra-coastal Canal at the stubout of Louisiana Highway 415 in West Baton Rouge Parish. A highway patrolman had noticed the activity on the secluded part of the highway about two miles west of Port Allen, Louisiana, and upon investigation discovered the tank truck together with defendant, a wrecker and a helper. Defendant admitted to the officer that the truck was his and that it contained “waste” or slop gasoline. When the officer noticed some thick black liquid at the rear of the truck, he became suspicious that hazardous material was being illegally disposed of. He called the Louisiana State Police Hazardous Materials Section which, in turn, dispatched a trooper.
When the trooper arrived at the scene, he inspected the truck and its contents. The state trooper found several violations of the hazardous materials regulations and/or the Highway Regulatory Act and arrested defendant and impounded his trailer truck, securing it in a wrecker yard in West Baton Rouge Parish. The trooper then notified the criminal investigation bu *1173 reau, which took samples from each of the four sections of defendant’s tank truck. The contents of the samples were tested by an independent laboratory and found to be clean gasoline, both leaded and unleaded, rather than the residue from the clean gasoline which collects in what is termed “slop tanks” on the shipping barges. As a result of the investigation, defendant was arrested; also a tug boat, the Zephyr, was searched and the captain and the crew members of the Zephyr were arrested.
At the instant trial two of the crew members testified that on the night in question they had shipped gasoline belonging to Amoco from Texas City, Texas to the Port Allen Amoco docks, controlling two barges with ten gasoline tanks and two slop tanks on each barge, each holding about 2,000 gallons of fuel. They further testified that on the night in question the crew had offloaded the gasoline tanks of both barges at the Amoco dock, then traveled some distance up the Intracoastal Canal and pumped fuel from the slop tanks into defendant’s truck. One crew member testified he had received $1,700.00 cash money from the captain of the tug in payment for this transaction. The second crew member testified he had received $300.00 from the tug captain for the same transaction.
During the time the truck was impounded, the troopers noticed a liquid was leaking from the truck. The manager of the wrecking yard called the troopers, who came out and washed down the area to minimize any danger of fire. After about three days, the troopers returned the gasoline to Amoco, as the situation had become very dangerous because of the loaded truck sitting idle in the wreck yard.
ASSIGNMENT OF ERROR NO. 2:
Defendant contends that his conviction should be set aside as the state failed to respond to his request for discovery, arguing that failure to furnish Brady (infra) material to defendant upon his request denied to defendant his constitutional right to a fair trial. Defendant bases his argument in brief on the holding in Brady v. Maryland, 373 U.S. 83, 93 S.Ct. 1194, 10 L.Ed.2d 215 (1963), which requires the disclosure of evidence favorable to an accused upon request where such evidence is material either to the guilt or to the punishment of defendant.
The record shows that defendant filed a motion for discovery on June 16, 1982, following his arrest in March of 1982. On March 22,1983, defendant filed a motion to dismiss on the grounds that the state had failed to respond to defendant’s motion for discovery; this motion to dismiss was denied. Defendant then applied for writs to the Supreme Court, arguing that he was denied his right to a fair trial when the state returned the allegedly stolen gasoline to its owner, Amoco, thus denying defendant access to evidence that was possibly exculpatory. Writs were denied on the ground that defendant had adequate remedy on appeal.
The right to be protected against the prosecutor’s failure to reveal its possession of exculpatory evidence is founded on the due process clause of the U.S. Constitution and is designed to assure a fair trial. Brady v. Maryland, supra. In this case, the defendant’s motion for discovery was a “general request” and falls within the third category of evidence to which the Brady rules apply as set forth by the Supreme Court in U.S. v. Agurs, 427 U.S. 97, 96 S.Ct. 2392, 49 L.Ed.2d 342 (1976). If a general request is made for exculpatory materials, a conviction will only be overturned if the omitted evidence creates a reasonable doubt about the guilt of defendant that did not otherwise exist. State v. Prudholm, 446 So.2d 729 (La.1984).
Discovery in criminal cases is regulated by the Louisiana Code of Criminal Procedure. LSA-C.Cr.P. 718 provides that, on motion of the defendant, the court shall order the district attorney to permit or authorize the defendant to. inspect, copy, examine, test scientifically, or photograph, or otherwise reproduce books, papers, documents, photographs, tangible objects, buildings, places, or copies of portions thereof, which are within the possession, *1174 custody or control of the state, and which are favorable to the defendant and which are material and relevant to the issue of guilt or punishment or are intended for use by the state as evidence at trial. However, the prosecutor has no constitutional duty to make a complete and detailed accounting of all police investigative works on a case to defense counsel. U.S. v. Brown, 628 F.2d 471 (5th Cir.1980), rehearing denied, 633 F.2d 582 (1980). Failure of the state to comply with discovery procedures does not automatically require reversal; the court will examine the circumstances to determine whether defendant was actually prejudiced by the non-disclosure. State v. Vacarro, 411 So.2d 415 (La.1982).
Even assuming there was a violation of LSA-C.Cr.P. article 718, when the state failed to respond to defendant’s motion for discovery, the record shows that defendant did not avail himself of the sanctions set forth in LSA-C.Cr.P. 729.5.[1] He did not object to the admission into evidence of the results of scientific tests performed by the state on the samples of gasoline, nor did defendant request a mistrial, a continuance or recess.[2] Further, at trial, defendant was given every opportunity to cross-examine the persons who conducted the tests on the samples taken from defendant’s truck, and to present his own evidence to the jury.
Moreover, when defendant filed his motion for discovery, the contents of the trailer truck had been returned to its rightful owner, Amoco Oil Company, because of the highly dangerous situation created by impounding and storing several thousand gal-Ions of gasoline in an old tank truck that was leaking. There is no showing of bad faith on the part of the state nor does defendant so allege.
From the testimony adduced at trial, the results of the scientific tests of the contents of defendant’s truck cannot be said to be exculpatory to defendant, as they indicated that defendant’s truck contained clear gasoline, not the residue from the slop tanks on the shipping barges, as contended by defendant. Thus, even had the state responded to defendant’s motion for discovery, the material discovered would not have been of any help to defendant’s position.
In brief, defendant does not allege which specific evidence that was denied to him would have been favorable to his defense, only that he has been denied the opportunity to develop certain defense evidence which would have been relevant, material, important, crucial and not cumulative to his case. We find this to be highly speculative, and the mere possibility that tests might have produced favorable results is insufficient to prejudice defendant. See State v. Robinson, 386 So.2d 1374 (La.1980). We cannot say defendant was denied his right to a fair trial in this instance.
There is no merit to this assignment of error.
ASSIGNMENT OF ERROR NO. 1:
Defendant contends that the trial court erred when it overruled defendant’s motion for new trial based on the grounds that the state failed to prove beyond a reasonable doubt an essential element of the crime, that the property stolen had a value over *1175 $500.00. Further, defendant argues that, because the state has failed to prove an essential element of theft, he is entitled to have his conviction set aside and a judgment of acquittal entered on the record.
In State v. Korman, 439 So.2d 1099 (La. App. 1st Cir.1983), this Court held that only the weight of the evidence can be reviewed in a motion for new trial under LSA-C. Cr.P. 851; the sufficiency of the evidence is reviewable under LSA-C.Cr.P. 821. However, because defendant herein utilized an improper motion, he will not be barred from having the evidence received at his trial reviewed for sufficiency under LSA-C. Cr.P. 821 because the relief defendant seeks is in fact a judgment of acquittal; not a new trial. See State v. Allen, 440 So.2d 1330, 1337 (La.1983), concurring opinion by Justice Lemmon.
LSA-C.Cr.P. 821 incorporates the standard for reviewing sufficiency of evidence that was set forth in Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979): whether the evidence, viewed in the light most favorable to the prosecution, will support a finding of guilt beyond a reasonable doubt.
Defendant herein was convicted of theft of gasoline having a value of over $500.00 in violation of LSA-R.S. 14:67.
Upon review of all the evidence received at trial, we conclude that sufficient evidence has been presented by the state to prove defendant misappropriated approximately 6,000 gallons of clean usable gasoline, both leaded and unleaded, without the consent of the owner, with the intent to permanently deprive the owner thereof. In addition, the testimony of two eye witnesses to the theft, Jeffrey Gainey and Sebastian Roceafort, who testified that they received $1,700.00 and $300.00 respectively, for their part in the transaction, was sufficient to sustain a finding that the value of the stolen property exceeded $500.00.
Considering all reasonable inferences to be drawn from testimony and evidence in the record, under the standard set forth in LSA-C.Cr.P. 821, we are convinced that there is sufficient evidence from which a jury could have concluded beyond a reasonable doubt that defendant herein was guilty of the offense charged.
There is no merit to this assignment of error.
The conviction and sentence are affirmed.
AFFIRMED.

. LSA-C.Cr.P. 729.5:
"Art. 729.5. Failure to comply; sanctions
A. If at any time during the course of the proceedings it is brought to the attention of the court that a party has failed to comply with this Chapter or with an order issued pursuant to this Chapter, the court may order such party to permit the discovery or inspection, grant a continuance, order a mistrial on motion of the defendant, prohibit the party from introducing into evidence the subject matter not disclosed, or enter such other order, other than dismissal, as may be appropriate.
B. In addition to the sanctions authorized in Part A hereof, if at any time prior or subsequent to final disposition the court finds that either the state through the district attorney or assistant district attorney or the defendant or his counsel has wilfully failed to comply with this Chapter or with an order issued pursuant to this Chapter, such failure shall be deemed to be a constructive contempt of court."

. Defendant did file a motion for dismissal, which is specifically prohibited under LSA-C. Cr.P. 729.5.