459 So.2d 1294 (1984)
STATE of Louisiana
v.
Larry GIBSON.
No. 84 KA 0228.
Court of Appeal of Louisiana, First Circuit.
November 20, 1984.
*1295 Joseph W. Cole, Jr., Asst. Dist. Atty., New Roads, for state-appellee.
Thomas A. Nelson, Asst. Indigent Defender, New Roads, for defendant-appellant.
Before EDWARDS, SHORTESS and SAVOIE, JJ.
SAVOIE, Judge.
Larry Gibson was convicted by a jury of armed robbery in violation of La.R.S. 14:64. The trial court sentenced Gibson to serve twenty-five years in the Department of Corrections without benefit of probation, parole, or suspension of sentence. Gibson appeals the conviction and sentence. We affirm.
*1296 On the evening of November 7, 1981, Mrs. Gertrude Bonaventure was in a retail store, Value Bonaventure Store, in Glynn, Louisiana, when two masked black males entered the store. The masks consisted of brown paper bags pulled over their heads with openings for eyesight. One of the men held a small caliber gun on Mrs. Bonaventure and shoved her against the wall. He then went behind the counter and took cash from a cigar box. After removing the cash, the two men quickly fled.
Police summoned to the scene conducted a search of the area but did not locate the perpetrators. However, two paper bags, similar to those used by the perpetrators, were found outside the store. The instant charge was brought against defendant after latent fingerprint analysis revealed the presence of his fingerprints in the interior of one of the brown paper bags.

ACTION OF THE TRIAL COURT
Appellant was tried and found guilty by a jury. Thereafter, appellant filed a motion for a new trial which, after a hearing, was denied by the trial court and sentence was imposed. Appellant appeals the conviction and the sentence.

ASSIGNMENTS OF ERROR
Defendant brings this appeal urging five assignments of error:
1. The jury erred by convicting the defendant of armed robery solely on the basis of circumstantial evidence which did not exclude every reasonable hypothesis of innocence.
2. The trial court erred in allowing State Exhibit No. 1 into evidence.
3. The trial court erred by failing to grant a mistrial when Detective Jennings David of the Pointe Coupee Parish Sheriff's Office referred to a prior arrest of the defendant in response to a question asked by the prosecutor.
4. The trial court erred by failing to grant defendant's motion for a new trial.
5. The trial court erred by imposing an excessive sentence.

I.
By means of this assignment, defendant contends that the jury erred by returning a verdict of guilty because circumstantial evidence linking defendant to the instant crime did not exclude every reasonable hypothesis of innocence.
Defendant does not contend that the state did not prove the essential elements of the crime but, rather, failed to negate every reasonable probability of misidentification.
The standard of review for sufficiency of evidence to support a conviction is whether, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found that the state proved the essential elements of the crime and defendant's identity as perpetrator of that crime beyond a reasonable doubt. See La.C.Cr.P. art. 821. The statutory rule as to circumstantial evidence is that assuming every fact proved that the evidence tends to prove, in order to convict, it must exclude every reasonable hypothesis of innocence. LSA-R.S. 15:438. Exclusion of every reasonable hypothesis of innocence is, therefore, a component of the more comprehensive reasonable doubt standard, where circumstantial evidence is used to convict. State v. Nealy, 450 So.2d 634 (La.1984).
In the instant case, Mrs. Bonaventure was unable to identify her assailants as they wore brown paper bags covering their faces during the robbery. Mrs. Bonaventure did describe the bags worn by the robbers.
The two brown paper bags, with openings torn at eye level, were found in front of the Value Bonaventure Store during initial police investigation immediately following the robbery. These bags were later analyzed for latent fingerprints. Mrs. Sybil Guidry, a latent fingerprint analyst with the Louisiana State Police, testified that four identifiable fingerprints of Larry Gibson *1297 were found on one of the bags. Mrs. Guidry further testified that no other identifiable fingerprints were found on that bag.
Defendant attempted to rebut evidence linking him to the instant crime with alibi testimony provided by his two brothers. Defendant's brothers testified that they were watching a football game in Scotlandville with defendant during the afternoon of the robbery.
Defendant does not offer a hypothesis of innocence. However, defendant testified at trial on the merits that he often shopped in the Value Bonaventure Store, thereby suggesting that brown paper bags with his fingerprints could be in abundance throughout the community.
However, when the paper bag bearing defendant's fingerprints is closely examined, the reasonableness of defendant's hypothesis that someone else fashioned the mask from a bag which had been discarded by defendant quickly erodes. Not only are the only identifiable prints on the bag those of defendant; but, also, defendant's right thumbprint was identified from well down in the interior of the original bag, adjacent to the border which has been torn in fashioning the mask. Such an impression is not likely to result from carrying or removing items from a bag.
We conclude that the jury properly excluded this hypothesis of innocence as an unreasonable one. Therefore, viewing the evidence in the light most favorable to the prosecution, we find that a rational trier of fact could have found beyond a reasonable doubt that defendant committed the instant armed robbery.
Assignment of Error Number 1 is without merit.

II. AND IV.
By means of these assignments, defendant urges that the trial court erred in admitting certain exhibits into evidence. Assignment of Error Number 2 addresses the admissibility of State Exhibit Number 1, two brown paper bags, one bearing defendant's identified fingerprints.
In brief, defendant argues that the state failed to lay a proper chain of custody to support introduction of that exhibit. However, it was not until the lunch recess, after the state had rested its case-in-chief, that defense counsel articulated the reasons for his objection to the introduction into evidence of State Exhibit No. 1.
An irregularity or error cannot be availed of after verdict unless it was objected to at the time of occurrence and the grounds therefor specified. See La.C.Cr.P. art. 841. Moreover, after reviewing the record, we find that the state laid an adequate foundation for admission of State Exhibit No. 1.
The instant chain of custody is well documented. The only discrepancy was with respect to the date that Deputy David received the item from Deputy Fontenot. Deputy Fontenot testified that he immediately went to Deputy David's house following investigation of the robbery and delivered the item; however, Deputy David recalled that he did not receive the item at the sheriff's office until the following Monday. To admit such evidence at trial, the identification can be visual or it can be by chain of custody, that is, by establishing the custody of the object from the time it was seized to the time it was offered in evidence. State v. Sweeney, 443 So.2d 522 (La.1983). The law does not require that the evidence as to custody eliminate all possibilities that the object has been altered. For admission, it suffices if the custodial evidence establishes that it is more probable than not that the object is one connected with the case. Id. Any deficiencies in the chain of custody are properly attributable to the weight, rather than to the admissibility of the evidence. State v. Tonubbee, 420 So.2d 126 (La.1982), cert. denied, 460 U.S. 1081, 103 S.Ct. 1768, 76 L.Ed.2d 342 (1983).
By Assignment of Error Number 4, defendant contends that the fingerprint card of "Larry Rogers", on file with the Louisiana *1298 State Police, should not have been admitted into evidence as it was not properly authenticated. However, this argument is meritless by virtue of the fact that the state did not even attempt to offer the card in evidence.[1]
For the foregoing reasons, these assignments of error are without merit.

III.
By means of this assignment, defendant contends that the trial court erred when it failed to grant a mistrial in response to the following colloquy between the prosecutor and the state's witness, Deputy Jennings David of the Pointe Coupee Sheriff's Office:
Q. Did you ever ascertain whether or not the fingerprint card of Larry Gibson was furnished to the Louisiana State Police Crime Lab?
A. I did.
Q. How was that done?
A. It was done by the West Baton Rouge Parish Sheriff's Office.
Q. And why was it done? Who requested that it be done?
A. Well, Larry Gibson was arrested
Q. All right.
A. andon a warrant from West Baton Rouge Parish.
In brief, defense counsel argues that Deputy David's responses are an indirect reference to another crime allegedly committed by defendant thus falling within the scope of conduct proscribed by La.C.Cr.P. art. 770. As a reading of article 770 discloses, its provisions are not authority for defendant's contention that a mistrial should be ordered. The remark complained of was not made by the judge, district attorney, or a court official. Instead, the remark was made by a police officer testifying as a witness for the state. See State v. Overton, 337 So.2d 1058 (La.1976).
Louisiana Code of Criminal Procedure articles 771 and 775 are applicable to this situation. The following portions of articles 771 and 775 are pertinent:
Article 771
In the following cases, upon the request of the defendant or the state, the court shall promptly admonish the jury to disregard a remark or comment made during the trial, or in argument within the hearing of the jury, when the remark is irrelevant or immaterial and of such a nature that it might create prejudice against the defendant, or the state, in the mind of the jury.
* * * * * *
(2) When the remark or comment is made by a witness or person other than the judge, district attorney, or a court official, regardless of whether the remark or comment is within the scope of Article 770.
In such cases, on motion of the defendant, the court may grant a mistrial if it is satisfied that an admonition is not sufficient to assure the defendant a fair trial."
Article 775
A mistrial may be ordered, and in a jury case the jury dismissed, when:
* * * * * *
(3) There is a legal defect in the proceedings which would make any judgment entered upon a verdict reversible as a matter of law.
* * * * * *
Upon motion of a defendant, a mistrial shall be ordered, and in a jury case the jury dismissed, when prejudicial conduct in or outside the courtroom makes it impossible for the defendant to obtain a fair trial, or when authorized by Article 770 or 771.
* * * * * *
Mistrial is a drastic remedy and, except in instances in which mistrial is mandatory, is warranted only when a trial error results in substantial prejudice to defendant depriving him of a reasonable expectation of a fair trial. State v. Overton, supra, at *1299 1064. We note that the defense did not move for an admonition, apparently not wishing to further emphasize the remark.
Although a potentially prejudicial remark by an experienced police officer should be viewed with concern as to fairness of the trial, the decision as to the necessity of granting a mistrial is within the sound discretion of the trial court. State v. Benton, 453 So.2d 993 (La.App. 1st Cir.1984).
Even if reference to prior criminal acts could be inferred in these circumstances, this technical impropriety did not result in the denial of a fair trial or warrant a mistrial, especially in view of the fact that defendant admitted under cross examination that he had been convicted of misdemeanor theft. We find the trial court did not abuse its discretion in refusing to order a mistrial.
For the foregoing reasons this assignment of error lacks merit.

V.
By means of this assignment, defendant contends that imposition of the instant sentence of twenty-five years in the custody of the Department of Corrections, without benefit of probation, parole, or suspension of sentence was excessive.
A trial judge has wide discretion to impose a sentence within statutory limits. State v. Sepulvado, 367 So.2d 762 (La. 1979). In the absence of manifest abuse of discretion, a sentence imposed will not be set aside as excessive. State v. Lanclos, 419 So.2d 475 (La.1982). Armed robbery carries a maximum sentence of 99 years without benefit of parole, probation or suspension of sentence.
The record before us reflects that the trial judge adequately considered the sentencing guidelines presented in La.C.Cr.P. art. 894.1 in particularizing the sentence to this defendant. Although defendant was only twenty-one years of age at the time of sentencing, he had a lengthy history of encounters with law enforcement authoritiesincluding a conviction for misdemeanor theft and a pending indictment for conspiracy to commit aggravated escape. The court opined that the defendant was in need of correctional treatment which could be provided most effectively by confinement to an institution.
For the foregoing reasons, the conviction and sentence are affirmed.
AFFIRMED.
NOTES
[1] Gibson had been previously arrested and fingerprinted under the name of "Larry Rogers."