ALFORD, Judge.
Defendant, Dimple Turner, was charged by bill of information with one count of felony theft, a violation of LSA-R.S. 14:67. At arraignment, the bill of information was amended to reflect a lesser grade of felony theft, and defendant then pled guilty. She was sentenced to two years at hard labor. Defendant has appealed, alleging that the trial court imposed an excessive sentence.
The charges for this prosecution arose from an incident wherein defendant re *133 moved seven coats made of rabbit hair, valued at $79.99 each (a total value of $639.92), from a J.C. Penney store in Baton Rouge, Louisiana, without having paid for the merchandise. Defendant was arrested at the scene by police officers who had been summoned by an employee of the store. The employee identified the suspect, and pointed out the vehicle into which she had entered. The coats were recovered from that vehicle.
In support of her claim that the sentence imposed is excessive, defendant argues that the trial court failed to consider the mitigating factors that she is possessed of a limited mental capacity, and that she must support her two minor children. Defendant further argues that the trial court relied too heavily on defendant’s prior criminal record in imposing the sentence.
In citing its reasons for the imposition of this sentence, the trial court noted that defendant had admitted to a problem with drug abuse, and she had acknowledged that she entered into criminal activity in order to support her drug habit. The court, therefore, felt that defendant was in need of correctional treatment or a custodial environment that could be most effectively met by her commitment to an institution.
The trial court also noted that defendant had a prior criminal record which included convictions for shoplifting, and opening, embezzling, and forging a United States Treasury check. The court stated that it felt an undue risk existed that defendant would commit another crime during the period of a suspended sentence or probation.
The trial court has wide discretion in the imposition of sentences, and a sentence will not be set aside absent an abuse of that discretion.[1] We find no abuse herein.
Although defendant argues that the trial court did not particularize its reasons for the imposition of this sentence, the record reflects that the trial court considered factors applicable to her as expressed by her testimony and the pre-sen-tence investigation report. Defendant's assertion that she has a limited mental capacity which should have been considered as a mitigating factor in imposing punishment is not substantiated by her academic record, which includes a high school education with above average grades, two and one-half years of college at Southern University, and some undeterminate amount of nursing training. Although the psychiatric evaluation suggests that defendant might be “easily led” into committing criminal activity, nothing in that evaluation suggests that defendant was not responsible for her actions, or that her lack of mental ability affects her culpability for this action. Further, although defendant argues that the court failed to consider the fact that she is the support for her two children, defendant’s record indicates three arrests in the five months prior to this offense, all of which were for misappropriation. Therefore, although defendant argues that she is the support of her children, the trial court correctly determined that defendant was not properly supporting her family.[2] Both defendant and her counsel advised the court prior to sentencing that she was employed at that time. The court obviously refused to consider that that factor out *134 weighed the extensive background of criminal behavior.
The trial court adequately particularized this sentence to this offender. In light of the reasons provided by the trial court, we do not find the sentence imposed to be excessive.
Accordingly, the sentence of the trial court is affirmed.
AFFIRMED.

. See State v. Gibson, 459 So.2d 1294 (La.App. 1st Cir.1984).

. Her record is as follows:
12-27-72 Shoplifting Convicted (jail suspended)
9-26-73 Assault and battery Disposition unknown
5-07-74 Opening, embezzling and forging U.S. Treasury check Convicted — probation
8-04-79 DWI Pending
5-05-81 Expired rejection sticker — driving under suspension $25.00 and costs $10 or 5 days community service
5-26-83 Forgery and felony theft Convicted KA840862
6-7-83 Forgery Disposition unknown
9-23-83 Forgery and felony theft No bill filed
11-01-83 Felony theft Instant offense
Prior criminal activity the court may consider in imposing sentence is not limited to prior convictions. State v. Burns, 441 So.2d 1294 (La.App. 1st Cir.1983), writ denied 444 So.2d 1242 (La.1984).