**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Osvaldo RODRIGUEZ, a/k/a Osvaldo Hernandez–Marquez; Ricardo Leon, Defendants–Appellants.**

**No. 88–7689.**

United States Court of Appeals,
Eleventh Circuit.

July 5, 1991.

Domingo Soto, Madden & Soto, Mobile, Ala., for Leon.

Benjamin S. Waxman, Weiner, Robbins, Tunkey & Ross, P.A., Miami, Fla., for Rodriguez.

Gloria Bedwell, William R. Sawyer, Asst. U.S. Attys., Mobile, Ala., for the U.S.

Before EDMONDSON, Circuit Judge, HILL *, and HENDERSON, Senior Circuit Judges.

## ON PETITION FOR REHEARING AND SUGGESTION OF REHEARING EN BANC

(917 F.2d 1286 (11th Cir.1990))

PER CURIAM:

In an earlier opinion of this case, we affirmed the convictions of the appellants, Ricardo Leon and Osvaldo Rodriguez, a/k/a Osvaldo Hernandez–Marquez, on four counts of a five-count indictment after a trial in the United States District Court for the Southern District of Alabama. They were convicted of violating various drug related federal laws including conspiracy to import and distribute marijuana. *See United States v. Rodriguez*, 917 F.2d 1286 (11th Cir.1990).

On appeal to this court, Leon, who is Hispanic, asserted that the district court erred in overruling as untimely his objections based on *Batson v. Kentucky*, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986). *Rodriguez*, 917 F.2d at 1287. We held that Leon's objection to the peremptory strikes of black jurors was timely made, *id.* at 1288, but, because of our prior precedent, we found that he lacked standing

under *Batson* to challenge the prosecutor's strikes of black veniremen. *Id.* Both Leon and Rodriguez also assigned as error certain evidentiary rulings of the district court and further claimed that the government's failure to produce seven audio tapes was reversible error in violation of *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). *Rodriguez*, 917 F.2d at 1287.

Since our decision, the United States Supreme Court handed down *Powers v. Ohio*, —— U.S. ——, 111 S.Ct. 1364, 113 L.Ed.2d 411 (1991), which requires us to reexamine Leon's standing to raise a *Batson* issue. Because of the Court's holding in *Powers*, we vacate that part of our earlier opinion concerning Leon's *Batson* claims and remand to the district court for a hearing consistent with the mandate of *Batson*.

In *Powers* the Supreme Court held that the equal protection clause and the principles of third party standing, allow any criminal defendant to object to race-based exclusions of jurors through preemptory challenges whether or not the defendant and the excluded jurors share the same race. *Powers v. Ohio*, —— U.S. ——, 111 S.Ct. 1364, 113 L.Ed.2d 411 (1991). Relying on the fact that any racial discrimination "offends the dignity of the persons and the integrity of the courts" the Court found that Powers had standing to raise the *Batson* issue because individual jurors excluded "as a practical matter" would never find redress in the courts. *Powers*, —— U.S. at ——, 111 S.Ct. at 1372, 113 L.Ed.2d at 427.

In light of this latest pronouncement of the Supreme Court, the district court is directed to hold an evidentiary hearing on Leon's *Batson* claim. In order to prevail at the hearing, Leon must first establish a prima facia case by showing "that the prosecutor has exercised preemptory challenges to remove from the venire members of [a] [cognizable] race." *Batson v. Kentucky*, 476 U.S. 79, 96, 106 S.Ct. 1712, 1723, 90 L.Ed.2d 69, 87 (1986). Leon may assume that jury selection allows those with a pre-

---

* *See* Rule 34–2(b), Rules of the U.S. Court of Appeals for the Eleventh Circuit.

**196**

disposition of discrimination to discriminate. *Batson*, 476 U.S. at 96, 106 S.Ct. at 1723, 90 L.Ed.2d at 87 (citations omitted). Finally, he must "show that these facts and any other relevant circumstances raise an inference that the prosecutor used that practice to exclude the veniremen from the petit juror on account of their race." *Id.*, at 96, 106 S.Ct. at 1723, 90 L.Ed.2d at 88. Once a prima facia case has been made, it becomes the burden of the government to come forward with a neutral reason for challenging members of the racial group. *Id.* at 97, 106 S.Ct. at 1723, 90 L.Ed.2d at 88.

We adhere to our original opinion on the evidentiary rulings of the district court and the *Brady* claim and deny the petition for rehearing of Leon and Rodriguez concerning those issues. No member of this panel nor another judge in regular active service on the court having requested that the court be polled on rehearing en banc, the Suggestion for Rehearing En Banc on these two claims is denied.

Accordingly, for the foregoing reasons the earlier opinion of this panel is VACATED in part, AFFIRMED in part, and REMANDED with instructions.