Jon Michael ARCH and Linda L. Arch, Plaintiffs,

v.

John SCHNUR and The City of Palm Beach Gardens, Defendants.

No. 91–8091–CIV.

United States District Court, S.D. Florida.

June 3, 1993.

David J. Sales, Jack Scarola, Searcy, Denney, Scarola, Barnhart & Shipley, West Palm Beach, FL, for plaintiffs.

Bruce Jolly, Shailer, Burdy & Jolly, P.A., Ft. Lauderdale, FL, for defendants.

---

## ORDER SUSTAINING OBJECTION TO PEREMPTORY CHALLENGE TO JUROR

MORENO, District Judge.

During the selection of the jury in this civil rights suit brought by the alleged victim of a false arrest against the police officer and his employer municipality, the defendants peremptorily challenged the seventh prospective juror from the venire panel. The plaintiffs claimed that the exercise of this challenge striking an African–American woman was racially motivated. Defense counsel responded that the plaintiffs had no standing since they were white. Defense counsel also claimed that the striking of the juror was not motivated by her race but that he simply preferred other members of the venire panel.

In *Batson v. Kentucky*, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986), the Supreme Court held that a prosecutor's exclusion of potential jurors from a jury based solely upon their membership in the same racial group as the defendant violated the equal protection rights of both the excluded prospective jurors and the defendant. The Eleventh Circuit has applied the holding of *Batson* to civil cases as well as to criminal cases. *Fludd v. Dykes*, 863 F.2d 822 (11th Cir.1989), *cert. denied*, 493 U.S. 872, 110 S.Ct. 202, 107 L.Ed.2d 155 (1989). Also, the Supreme Court in *Edmonson v. Leesville Concrete Co.*, —— U.S. ——, 111 S.Ct. 2077, 114 L.Ed.2d 660 (1991), held that private litigants in a civil action become state actors when they exercise peremptory challenges. Thus, they may not strike a potential juror on the basis of the juror's race.

■ In *Powers v. Ohio*, —— U.S. ——, 111 S.Ct. 1364, 113 L.Ed.2d 411 (1991), the Supreme Court held that the equal protection clause and the principles of third-party standing allow any criminal defendant to object to racially motivated exclusions of jurors irrespective of whether the defendant and the excluded juror are of the same race. The Eleventh Circuit applied *Powers* in a subsequent case and vacated in part the earlier opinion which had held that a Hispanic defendant did not have standing to challenge the striking of black jurors. *United States v. Rodriguez*, 935 F.2d 194 (11th Cir.1991), *cert. denied*, —— U.S. ——, 112 S.Ct. 911, 116 L.Ed.2d 811 (1992) (vacating in part *United States v. Rodriguez*, 917 F.2d 1286 (11th Cir.1990)). Therefore, it is clear that the race of a civil plaintiff is irrelevant in the determination of the validity of the defendants' peremptory challenge.

■ In order to prevail, the plaintiffs must first establish a *prima facie* case of purposeful discrimination by showing that the peremptory challenge was exercised to remove a venire member of a cognizable race. *Batson*, 476 U.S. at 94–97, 106 S.Ct. at 1721–23. There is no dispute in this case that the defendants exercised their second of three peremptory challenges to exclude an African–American prospective juror. The plaintiffs must also show relevant circumstances raising an inference that the defendants excluded the prospective juror on account of her race. Once a *prima facie* case has been made, the burden shifts to the striking party to come forward with a neutral reason for challenging members of the racial group. *Id.* at 97–98, 106 S.Ct. at 1723–24.

■ Defense counsel eventually was provided a total of thirty minutes to supplement any *voir dire* questions posed by the court. Defense counsel failed to ask any questions of the black juror sought to be excluded. Defense counsel candidly expressed that he simply preferred other ju-

rors whom he felt would be better equipped to understand the complexities of this civil rights case. However, counsel cannot defeat the *prima facie* showing of a *Batson* violation simply by denying any discriminatory intent or by asserting his good faith in making selections. *United States v. Williams,* 936 F.2d 1243 (11th Cir.1991), *cert. denied,* —— U.S. ——, ——, 112 S.Ct. 612, 613, 116 L.Ed.2d 635 (1991). Hence, it is clear that defense counsel's assertions of good faith are likewise insufficient.

Defense counsel further claimed an interest in selecting other black jurors to follow the stricken African–American woman. Yet, the Eleventh Circuit has held that the presence of other black jurors would not be fatal to a *Batson* challenge. *See Fleming v. Kemp,* 794 F.2d 1478 (11th Cir.1986), *cert. denied,* 490 U.S. 1028, 109 S.Ct. 1764, 104 L.Ed.2d 200 (1989).

The fact that the stricken juror possessed a high school education, which was more than that achieved by at least one of the accepted white jurors, compels this court to conclude that the exercise of the challenge could be perceived as racially motivated. The defendants have failed to meet their burden of articulating a clear, reasonably specific and neutral explanation for challenging this African–American juror, particularly in the absence of any questioning of the stricken juror during the *voir dire* process.

This court has always attempted to be sensitive to the appearance of racial prejudice in jury selection. *See, e.g., State v. Vinent,* 35 Fla.Supp.2d 157 (Fla.Cir.Ct.1989). Despite the well-intentioned statements of defense counsel that the exclusion of the juror was not racially motivated, the appearance of race as a reason for the challenge may be easily inferred. Something more than what is present in this record is necessary to rebut the presumption created by the *prima facie* case raised by the plaintiffs.

WHEREFORE, the Court finds that the defendants have failed to articulate any racially neutral basis for striking the African–American juror. Any appearance of racial discrimination in jury selection impugns the integrity of the judicial process and casts doubt on the fairness of the proceedings.

The objection to the peremptory challenge is sustained, and the stricken juror is seated as one of two African–American jurors to try this case.

DONE AND ORDERED.