48 F.3d 1218
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Ronald Timothy STEWART, Defendant-Appellant.
 No. 93-5863.
 United States Court of Appeals, Fourth Circuit.
 Argued Feb. 3, 1995.
Decided March 8, 1995.
 
 Jack Benjamin Crawley, Jr., Raleigh, NC, for Appellant. John Eric Evenson, II, Assistant United States Attorney, Raleigh, North Carolina, for Appellee. Janice McKenzie Cole, United States Attorney, Raleigh, NC, for Appellee.
 Before WILKINS and WILLIAMS, Circuit Judges, and ELLIS, United States District Judge for the Eastern District of Virginia, sitting by designation.
 OPINION
 PER CURIAM:
 
 
 1
 Ronald Timothy Stewart appeals his convictions and sentence for conspiracy to distribute and to possess with the intent to distribute cocaine and cocaine base, see 21 U.S.C.A. Sec. 846 (West Supp.1994) (Count I), and conspiracy to conduct financial transactions with the proceeds of drug trafficking, see 18 U.S.C.A. Sec. 371 (West 1966) (Count II). Finding no error, we affirm.
 
 I.
 
 2
 At trial, the Government presented evidence that Stewart recruited individuals to distribute cocaine base for him in Raleigh, North Carolina and that he often traveled from Raleigh to Miami, Florida to obtain cocaine and cocaine base. Eight coconspirators testified concerning their involvement in Stewart's operation, which existed from the fall of 1991 to the summer of 1992. Several indicated that they regularly wired the proceeds from their drug sales to Stewart in Miami. Testimony from coconspirators and other witnesses was corroborated by telephone records, tapes of police-monitored cordless telephone conversations, and records of wire transfers. Stewart, who testified on his own behalf, acknowledged that he frequently possessed large sums of currency and that he often traveled between Raleigh and Miami, but claimed that this conduct was related to his gambling activities.
 
 
 3
 The jury convicted Stewart of both conspiracy counts, and the district court sentenced Stewart to life imprisonment on Count I and to a concurrent 60-month sentence on Count II. Stewart now appeals.
 
 II.
 
 4
 Stewart first contends that the trial court erred in refusing to grant his motion for a continuance, thus denying counsel sufficient time to prepare for trial. However, the motion was filed approximately one month after a tentative trial date had been scheduled and over three months after counsel had been appointed. Stewart alleged no justifiable reason for a continuance, and we find no abuse of discretion in the refusal of the district court to grant one. Moreover, Stewart has failed to show specific prejudice resulting from the denial of his motion for a continuance. See United States v. LaRouche, 896 F.2d 815, 823 (4th Cir.), cert. denied, 496 U.S. 927 (1990).
 
 
 5
 Relying on Batson v. Kentucky, 476 U.S. 79 (1986), Stewart next maintains that the Government unconstitutionally exercised one of its peremptory challenges to strike a black male from the petit jury. A defendant must establish a prima facie case of discrimination in the use of a peremptory challenge before the Government is required to come forward with a nondiscriminatory justification for the challenge. See United States v. Malindez, 962 F.2d 332, 333-34 (4th Cir.), cert. denied, 113 S.Ct. 215 (1992). A presumption of discrimination does not arise "from the mere fact that a racial minority has been struck from the venire." Id. at 334; see also United States v. Grandison, 885 F.2d 143, 149 (4th Cir.1989) ("A prima facie case of discrimination does not arise 'every time a prosecutor strikes a black prospective juror.' "), cert. denied, 495 U.S. 934 (1990). Here, when Stewart objected to the Government's use of a peremptory challenge to strike a black juror, he relied only on the fact that a black juror had been struck combined with the small number of black members of the venire to demonstrate a prima facie case. And, significantly, when the Government exercised the peremptory challenge at issue, two black jurors already had been seated. We cannot conclude that the district court erred in finding that Stewart failed to establish a prima facie case of discrimination.
 
 
 6
 Stewart also claims that although the trial court gave a jury instruction concerning the weight to be accorded the testimony of accomplice witnesses, it erred in refusing to give the charge in the form he had requested. The district court has broad discretion to determine the specific wording of instructions. United States v. Piche, 981 F.2d 706, 712 (4th Cir.1992), cert. denied, 113 S.Ct. 2356 (1993). The charge given was a standard one and, in substance, very similar to the one requested by Stewart. We find no abuse of discretion by the district court.
 
 
 7
 Stewart further contends that the evidence was insufficient to support his convictions. Testimony from numerous coconspirators, other witnesses, and wire transfer records directly linked Stewart to the conspiracies. Viewing the evidence in the light most favorable to the Government, see Glasser v. United States, 315 U.S. 60, 80 (1942), we conclude that the evidence of guilt was clearly sufficient.
 
 III.
 
 8
 As to his sentence, Stewart alleges that the district court erred in adopting the recommendations of the presentence report and in refusing to depart downward. We review the factual determinations of the district court for clear error and its legal conclusions de novo. See United States v. Daughtrey, 874 F.2d 213, 217 (4th Cir.1989).
 
 
 9
 Stewart first objects to the finding of the district court that he should be held accountable for 4,528.93 grams of cocaine base and 988 grams of cocaine, see United States Sentencing Commission, Guidelines Manual, Sec. 2D1.1 (Nov.1992), and to the application of a four-level enhancement for being an organizer or leader of criminal activity that involved five or more participants, see U.S.S.G. Sec. 3B1.1(a). These factual findings are fully supported by the record.
 
 
 10
 Additionally, Stewart, who is black, contends that the district court erred in refusing to depart downward based on the alleged disparate impact on blacks of the 100:1 ratio of cocaine base to cocaine under the guidelines. Stewart did not ask the district court to depart on this basis, but even if he had, a departure on this basis would not have been proper. See, e.g., United States v. Bynum, 3 F.3d 769, 774-75 (4th Cir.1993) (holding that alleged disparate impact of 100:1 ratio of cocaine base to cocaine is not violative of the Equal Protection Clause), cert. denied, 114 S.Ct. 1105 (1994).
 
 IV.
 
 11
 We have carefully considered all of the other arguments presented by Stewart and find them to be without merit. Accordingly, we affirm Stewart's convictions and sentence.
 
 AFFIRMED