**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

ANSAARI SHAKKA, a/k/a Joseph
Carter,
Plaintiff-Appellant,

v.

MAARFU AULU; WILLIAM D. LEWIS,
Correctional Officer; NEWTON
KENDIG, Dr., Chief Medical Officer
of the Division of Correction,
Defendants-Appellees,                                    No. 98-6278

and

SEWALL SMITH, Warden; THEODORE
PURNELL, Major; SEIGFRIED
PRESBURY, Correctional Officer;
WAYNE TANNER, Correctional
Officer; SERGEANT BONDS; J.
MORGAN, Lieutenant,
Defendants.

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
Susan K. Gauvey, Magistrate Judge.
(CA-92-1424-WMN)

Argued: January 29, 1999

Decided: February 24, 1999

Before WILLIAMS and MICHAEL, Circuit Judges, and
WILLIAMS, Senior United States District Judge for the Eastern
District of Virginia, sitting by designation.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** David Paul King, HOGAN & HARTSON, L.L.P., Baltimore, Maryland, for Appellant. David Phelps Kennedy, Assistant Attorney General, Baltimore, Maryland, for Appellees. **ON BRIEF:** Ralph S. Tyler, HOGAN & HARTSON, L.L.P., Baltimore, Maryland, for Appellant. J. Joseph Curran, Jr., Attorney General of Maryland, Baltimore, Maryland, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Appellant, a Maryland inmate, brought this suit alleging denial of his federal constitutional rights under 42 U.S.C.§ 1983. He appeals from a judgment for the defendant correctional officers and officials following a jury trial, arguing that the district court erred when it: (1) denied his <u>Batson</u> motion; (2) allowed the jury verdict to be tainted by alleged violations of the trial court's order granting plaintiff's motion in limine; and (3) granted summary judgment to Warden Smith.

Appellant argues that the trial court erred in denying his challenge to the defendants' peremptory strike of Juror # 232, pursuant to <u>Batson v. Kentucky</u>, 476 U.S. 79 (1986). It is well settled that a civil litigant's exercise of a peremptory jury challenge on account of race violates the equal protection rights of the prospective juror and that the opposing party has standing to object in order to raise the excluded person's rights. <u>See Edmonson v. Leesville Concrete Co.</u>, 500 U.S. 614, 618 (1991). When a party challenges the exercise of a

2

peremptory challenge on equal protection grounds, that party bears the burden of proving intentional discrimination by the opposing party. See Batson, 476 U.S. at 93. As explained by this court in United States v. Malindez, 962 F.2d 332, 333 (4th Cir.), cert. denied, 506 U.S. 875 (1992); Jones v. Plaster, 57 F.3d 417, 420 (4th Cir. 1995), and others, the Supreme Court has delineated a burden-shifting procedure for courts to use in analyzing a claim of purposeful discrimination in the jury selection process. A finding by the district court as to whether or not a peremptory challenge was exercised for a racially discriminatory reason is given great deference by this court. We review that finding only for clear error. See Jones, 57 F.3d at 421 (citing Hernandez v. New York, 500 U.S. 352, 364-65 (1991)). "Indeed, as we have previously noted, the district court is especially well-suited to resolve challenges to peremptory strikes of jurors because it has observed with its own eyes the very act in dispute." Jones, 57 F.3d at 421 (citations omitted).

In this case, the defendants' counsel articulated several reasons for the strike: (1) because the juror answered no questions on voir dire; (2) because she made a facial expression of concern for the appellant; and (3) because she lived in a high-crime area of Baltimore, but did not answer any questions on voir dire relating to crime, suggesting that she may have had undisclosed attitudes about the criminal justice system which counsel had not had a chance to explore through follow-up questions. The trial judge questioned the defendants' counsel about her reasons for the strike, heard argument on the issue by appellant's counsel, considered the matter, and then denied the Batson motion. The trial court specifically found that the challenged strike was not the result of purposeful discrimination ("I cannot find as the law requires me to find that the defense has purposefully discriminated") and that the reasons given for the strike were not pretextual ("I will find that I do not find the explanation given for the striking of either Mr. Jenkins or Ms. Thomas pretextural[sic]. . ."). J. A. at 161-62. Accordingly, we find no clear error in the trial court's handling of the appellant's Batson motion.

Appellant next challenges appellees' alleged violations of an order granting appellant's motion in limine. Specifically, appellant objects to: statements describing inmates at the facility in which appellant was incarcerated as a "super secure place" housing a "very special

3

elite group of inmates;" testimony regarding appellant's destruction of the plumbing in his cell; cross-examination of appellant in which counsel elicited information regarding his disassembly of his wheelchair and barricading himself in his cell; testimony by a defense witness that appellant had thrown excrement on correctional officers; testimony by the warden that appellant had referred to his own father as an "Uncle Tom;" testimony by another defense witness describing appellant as presenting a very difficult situation"by history and reputation," who constituted a "management problem," and was "extremely manipulative and extremely combative," and whose wheelchair or crutches "could be fashioned as weapons."

This court has repeatedly emphasized the substantial deference afforded a trial court on most evidentiary rulings. See United States v. Russell, 971 F.2d 1098, 1104 (4th Cir. 1992); United States v. Fernandez, 913 F.2d 148, 155 (4th Cir. 1990); Beaty Shopping Ctr., Inc. v. Monarch Ins. Co., 315 F.2d 467, 471 (4th Cir. 1963); Thomas J. Kline, Inc. v. Lorillard, Inc., 878 F.2d 791, 799 (4th Cir. 1989). In many of the instances to which appellant objects, the trial judge properly sustained appellant's objections, granted appellant's motions to strike, and promptly issued curative instructions to mitigate any prejudicial effect of the objectionable statements. We have previously held that only under the "most extraordinary circumstances" does a limiting instruction fail to "cure[ ] . . . unfair prejudice." United States v. Aramony, 88 F.3d 1369, 1378 (4th Cir. 1996), cert. denied, 117 S.Ct. 1842 (1997); see also United States v. Masters , 622 F.2d 83, 87 (4th Cir. 1980). Those statements allowed to stand were relevant to issues before the court and we find no abuse of discretion in allowing the statements. While the trial judge twice denied appellant's motion for a mistrial, such a ruling is reviewed only for abuse of discretion. See United States v. Guay, 108 F.3d 545, 552 (4th Cir. 1997) (citation omitted). The court observes no abuse of discretion in the trial judge's denial of appellant's two motions for a mistrial.

Arguing that the objectionable statements incurably prejudiced the jury, appellant seeks a new trial. However, "`[a] new trial (in these circumstances) should be ordered only when substantial prejudice has occurred.'" United States v. Jones, 542 F.2d 186, 211 (4th Cir. 1976) (quoting United States v. Armocida, 515 F.2d 29, 49 (3d Cir. 1975)). Because we found that the court did not abuse its discretion in relation

to the statements, there is no basis for a new trial. The appellant nevertheless cites the jury's verdict as evidence that the jury was prejudiced. To the contrary, the jury's finding in appellant's favor on the significant issue of medical need demonstrates that the jury was not so prejudiced as to be unwilling to carefully evaluate the merits of appellant's claim. Accordingly, the court holds that the jury's verdict was not so tainted as to require a new trial.

The appellant next maintains that the trial court improperly granted Warden Smith summary judgment. Summary judgment may be granted if, after consideration of such items as depositions, affidavits or certifications, and after viewing the facts in the light most favorable to the non-moving party, "there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). A grant of summary judgment is reviewed de novo. See Johnson v. Quinones, 145 F.3d 164, 166 (4th Cir. 1988) (citing Stone v. Liberty Mut. Ins. Co., 105 F.3d 188, 191 (4th Cir. 1977)).

The appellant alleged both direct and supervisory liability against Warden Smith. He offered no evidence, however, to create a genuine issue of material fact regarding Warden Smith's liability in either regard. Accordingly, the court finds no error in trial court's grant of summary judgment in the Warden's favor.

For the reasons stated above, this court affirms the judgment of the district court.

AFFIRMED

5