[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-13861
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 9, 2010
JOHN LEY
CLERK

D. C. Docket No. 08-22798-CV-AJ

ANTHONY BROWN,

Plaintiff-Appellant,

versus

CITY OF MIAMI,
JOSE DEPENA,
WILLIAM JAEGAR,
WILLIAM CLAYTON,
MARIE-CLAUD NELSON, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(July 9, 2010)

Before BLACK, MARCUS and PRYOR, Circuit Judges.

PER CURIAM:

Anthony Brown, a Florida state prisoner proceeding pro se, appeals the district court's dismissal of his 42 U.S.C. § 1983 civil rights complaint as time-barred. Brown appears to argue that the prosecutor in his criminal trial violated Brady v. Maryland, 373 U.S. 83 (1963), both by failing to disclose to him prior to trial that one of the prints found at the crime scene did not match Brown's prints and by suppressing the preparation of a second fingerprint report detailing these findings. After careful review, we affirm.

We review de novo the district court's interpretation and application of a statute of limitations. Baker v. Birmingham Bd. of Educ., 531 F.3d 1336, 1337 (11th Cir. 2008). "Pro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998).

A plaintiff must commence a § 1983 claim arising in Florida within four years of when the cause of action accrues. See Burton v. City of Belle Glade, 178 F.3d 1175, 1188 (11th Cir. 1999). Federal law determines the date on which the cause of action accrues and the statute of limitations begins to run, and the statute of limitations for a § 1983 action begins to run from the date "the facts which would support a cause of action are apparent or should be apparent to a person with a

2

reasonably prudent regard for his rights." McNair v. Allen, 515 F.3d 1168, 1173 (11th Cir. 2008) (quotation omitted).

A Brady violation of a defendant's due process rights occurs where the prosecution suppresses material evidence favorable to the defendant. Brady, 373 U.S. at 87. To establish that a Brady violation occurred, the defendant must prove that (1) the prosecution suppressed evidence, (2) the suppressed evidence was favorable to the defense, and (3) the suppressed evidence was material. United States v. Luis-Gonzalez, 719 F.2d 1539, 1548-49 (11th Cir. 1983).

To comply with Brady, the prosecutor has a duty to disclose favorable evidence that is in his possession as well as to seek out "any favorable evidence known to others acting on the government's behalf." Parker v. Allen, 565 F.3d 1258, 1277 (11th Cir. 2009) (quotation omitted). However, "there is no suppression if the defendant knew of the information or had equal access to obtaining it." Id. Similarly, the government does not violate Brady when it loses evidence or simply fails to pursue a potentially exculpatory witness. See United States v. Rodriguez, 917 F.2d 1286, 1291 (11th Cir. 1990), vacated in part on other grounds, 935 F.2d 194 (11th Cir. 1991); United States v. Walker, 559 F.2d 365, 373 (5th Cir. 1977).[1]

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), we adopted as binding precedent all decisions of the former Fifth Circuit handed down before October 1, 1981.

To the extent that Brown is arguing that the prosecutor failed to disclose to him prior to trial that one of the prints did not match Brown's prints, we reject this claim. Brown conceded in both his initial and his reply briefs that he was aware at trial that the fingerprint examiner only matched one of the prints to Brown's prints. Therefore, while the parties dispute the exculpatory nature of this evidence, if there was a <u>Brady</u> violation based on the prosecutor's failure to disclose, it should have been apparent to Brown after the examiner testified that only one print matched his prints. Because more than four years passed between Brown's 1996 trial, and the October 2008 filing of this lawsuit, his § 1983 claim based on this alleged <u>Brady</u> violation is barred by the statute of limitations.

Second, to the extent that Brown is claiming that the prosecutor suppressed evidence by failing to generate a second fingerprint report, <u>Brady</u> does not require the state to generate reports documenting its evidence, so Brown's allegation that his discovery of this fact was delayed makes no difference to the running of the limitations period. Accordingly, we affirm the district court's dismissal of Brown's complaint as barred by the running of the statute of limitations.

**AFFIRMED.**