**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**George F. BROWN,
Defendant–Appellant.**

No. 80–3087
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.
Unit A

Oct. 20, 1980.
Rehearing and Rehearing En Banc
Denied Dec. 1, 1980.

E. Drew McKinnis, Baton Rouge, La., for defendant–appellant.

Donald L. Beckner, U. S. Atty., Baton Rouge, La., Carolyn L. Gaines, App. Sec., Crim. Div., U. S. Dept. of Justice, Washington, D. C., for plaintiff–appellee.

Before AINSWORTH, GARZA and SAM D. JOHNSON, Circuit Judges.

SAM D. JOHNSON, Circuit Judge:

Appellant Brown was convicted of filing fraudulent income tax returns. This Court affirmed his conviction in all respects but one: the district court was directed on remand to determine in camera whether the IRS investigative file on Brown contained exculpatory evidence on Brown's guilt or punishment that might have affected the outcome of the trial. The sole issue on the present appeal is whether the district court's finding on remand that the Government withheld no material exculpatory information is clearly erroneous. This Court affirms the district court.[1]

Brown's pre–trial discovery motion for materials in the IRS investigative file on him included requests for

3. The materials contained in the files of the Internal Revenue Service relative to its investigation of defendant for the calendar years 1974 and 1975 which negate or which may tend to negate the receipt of unreported income by the defendant in the amounts alleged in the indictment. Included in this request are materials relative to any net worth analysis by Internal Revenue Service and the reports of its agents as to defendant's spending habits.
4. Any materials reflecting the name and current address of, and/or any statements of the Internal Revenue Service in connection with its investigation of defendant's 1974–1975 income tax returns, who either (1) was not called or put before the Grand Jury or (2) was called before the Grand Jury but will not be called as a witness at the trial.

On appeal from the conviction, this Court narrowly remanded to the district court an in camera determination of whether the IRS file contained exculpatory evidence material to Brown's guilt or punishment. *United States v. Brown*, 574 F.2d 1274, 1279 (5th Cir.), *cert. denied*, 439 U.S. 1046, 99 S.Ct. 720, 58 L.Ed.2d 704 (1978).

The district court reviewed the file and concluded that there was no exculpatory evidence or evidence material to Brown's guilt or punishment. The district court acknowledged that the IRS audit indicated that the alleged income did not appear in Brown's checking or savings accounts and that Brown had not entered safe deposit boxes to which he had access. The district court held that this evidence was not material to a charge of receiving and failing to report money, and held that there were no statements in the file that in any way indicated that Brown did not receive the money or that he had paid the tax on it. Thus, the

---

1. Brown seeks to raise two other issues, one concerning the grand jury indictment that resulted in his trial, the other on nondisclosure of Government grants of immunity to prosecution witnesses. Since these issues relate to his conviction and not the issues on remand, this

Court's affirmance of his conviction, *United States v. Brown*, 574 F.2d 1274 (5th Cir.), *cert. denied*, 439 U.S. 1046, 99 S.Ct. 720, 58 L.Ed.2d 704 (1978), forecloses review of them in this direct appeal.

court held that there was no evidence in the file that might have affected the outcome of the trial, and additionally concluded that everything in the file that was in any way relevant to the trial was in fact made a part of the testimony adduced in court.

■ Due process requires that the Government disclose material evidence favorable to the defendant, and suppression of that evidence by the prosecution will result in a reversal of the conviction. *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). In *United States v. Agurs*, 427 U.S. 97, 96 S.Ct. 2392, 49 L.Ed.2d 342 (1976), the Supreme Court defined materiality in the *Brady* context. When the defendant requests specific items, due process is violated if the undisclosed evidence might have affected the outcome of the trial. *United States v. Agurs*, 427 U.S. at 104, 96 S.Ct. at 2397. If the request is general, due process is violated if the omitted evidence creates a reasonable doubt about guilt that did not otherwise exist. *Id.* at 112, 96 S.Ct. at 2401.

■ Brown claims that his request was for specific materials, and therefore is entitled to the lower standard of materiality. Brown also disputes the trial court conclusion that the requested information was in evidence and therefore before the jury. It is unnecessary, however, for this Court to reach these contentions. Regardless of whether the request was specific or general,[2] and regardless of whether the evidence was material or even exculpatory, when information is fully available to a defendant at the time of trial and his only reason for not obtaining and presenting the evidence to the Court is his lack of reasonable diligence, the defendant has no *Brady* claim. *United States v. Campagnuolo*, 592 F.2d 852, 861 (5th Cir. 1979); *United States v. Prior*, 546 F.2d 1254, 1259 (5th Cir. 1977); *United States v. Cravero*, 545 F.2d 406, 420

(5th Cir. 1976), *cert. denied*, 430 U.S. 983, 97 S.Ct. 1679, 52 L.Ed.2d 377 (1977). *See Giles v. Maryland*, 386 U.S. 66, 98, 87 S.Ct. 793, 809, 17 L.Ed.2d 737 (1967) (Fortas, J., concurring) (nondisclosure of information that is merely repetitious, cumulative, or embellishing of facts otherwise known to defense should not result in conviction reversal). *See also United States v. Antone*, 603 F.2d 566, 568–69 (5th Cir. 1979) (to prevail on Fed.R.Crim.Pro. 33 motion for new trial defendant must show he did not know of the new evidence at time of trial and failure to learn of it was not from his lack of diligence).

■ The constitutional requirement of due process mandates that the defendant have a right to a fair trial. The prosecutor's duty not to suppress material information favorable to defendant flows from his office as representative of the Government's interest in and due process obligation to justice. *See United States v. Agurs*, 427 U.S. at 110–11, 96 S.Ct. at 2400–2401. Truth, justice, and the American way do not, however, require the Government to discover and develop the defendant's entire defense. The prosecutor has no constitutional duty to make a complete and detailed accounting of all police investigatory work on a case—to routinely deliver his entire file—to defense counsel. *United States v. Agurs*, 427 U.S. at 109, 111, 96 S.Ct. at 2400. In no way can information known and available to the defendant be said to have been suppressed by the Government.[3]

For the foregoing reasons, the district court is

AFFIRMED.

**2.** This Court's remand, by directing the district court to determine if the file contained evidence "that might have affected the outcome of the trial," assumed that the request was specific.

**3.** As for Brown's request for the names, addresses, and statements of non-witnesses interviewed by the IRS and all reports and statements of IRS investigative agents, the absence of exculpatory information and lack of a prosecutor duty to routinely turn over his files disposes of these claims.