GEORGE F. BROWN, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Brown v. Commissioner
Docket No. 2509-79.
United States Tax Court
T.C. Memo 1981-406; 1981 Tax Ct. Memo LEXIS 335; 42 T.C.M. (CCH) 579; T.C.M. (RIA) 81406; August 6, 1981. *335 Held: Petitioner's conviction under section 7206(1) estops him from denying in a subsequent proceeding involving the section 6653(b) civil fraud penalty (1) that his returns for the years of his conviction were false and fraudulent and (2) that he omitted substantial amounts of income from his returns for those years. Respondent's motion for partial summary judgment pursuant to Rule 121 is granted. Charles B. Sklar, for the petitioner. Dennis M. Kelly, for the respondent. IRWIN
MEMORANDUM FINDINGS OF FACT AND OPINION IRWIN, Judge: Respondent determined deficiencies of $ 6,654.52 and $ 6,630.00 in petitioner's Federal income tax for 1974 and 1975, respectively, and corresponding additions to tax for fraud under section 6653(b)[1] of $ 3,327.26 and $ 3,315.00. This case is before us on respondent's motion for partial summary judgment pursuant to Rule 121, Tax Court Rules of Practice and Procedure.[2]
BACKGROUND Respondent issued the *336 notice of deficiency in this case on November 28, 1978, and petitioner timely filed a petition for redetermination with this Court. Mr. Brown was a resident of Baton Rouge, Louisiana, at the time he filed his petition. On April 30, 1979, respondent filed an answer wherein, inter alia, he argued that the doctrine of collateral estoppel was applicable in the instant action because of petitioner's criminal conviction under section 7206(1) in United States v. George F. Brown, an unreported case (M.D. La. 1977), 574 F.2d 1274 (5th Cir. 1978), rehearing denied 578 F.2d 871 (5th Cir. 1978), cert. denied 439 U.S. 1046 (1978), rehearing denied 628 F.2d 471 (5th Cir. 1980). On August 23, 1979, petitioner filed a reply denying the applicability of collateral estoppel on the bases that (1) the judgment of the United States District Court was not final; and (2) even if final, a conviction under section 7206(1) does not collaterally estop the defendant in the criminal case from contesting the assertion of a civil fraud penalty under section 6653(b). On February 20, 1980, this Court granted petitioner's unopposed motion for continuance. The basis for petitioner's motion was that because an appeal *337 in the criminal case was pending before the United States Court of Appeals for the Fifth Circuit, a postponement of the civil tax suit might dispose of the collateral estoppel issue and possibly result in settlement. [3]
On January 14, 1981, respondent filed with this Court a "Motion for Partial Summary Judgment" pursuant to Rule 121 and a memorandum of points and authorities in support thereof. Respondent's motion requests us to determine: (1) That petitioner is estopped under the doctrine of collateral estoppel (estoppel by judgment) from denying that he filed false and fraudulent individual income tax returns for the taxable years 1974 and 1975 and from denying that he received substantial additional income during 1974 and 1975 from Dixie Brewing Company and Falstaff Brewing Corporation which was omitted from petitioner's returns in each of these years; and (2) That by reason of the above petitioner is liable for the addition to tax under I.R.C. § 6653(b) for any underpayment of tax to be later determined by this Court for the taxable years 1974 and 1975. [4] *338 At the hearing on respondent's motion scheduled for June 1, 1981, petitioner submitted to the Court a document styled "Memorandum of Authorities Concerning Respondent's Motion for Partial Summary Judgment" in lieu of oral argument. Respondent subsequently declined to file a reply memorandum. FINDING OF FACTS On February 16, 1977, petitioner was indicted for violation of section 7206(1) relating to his individual income tax returns for the years 1974 and 1975, by a grand jury in the Middle District of Louisiana. *339 Counts I and II of the indictment stated the following: COUNT I That on or about April 15, 1975, in the Middle District of Louisiana, GEORGE F. BROWN, did willfully and knowingly make and subscribe a United States Individual Income Tax Return, Form 1040, for the calendar year 1974, which was verified by a written declaration that it was made under the penalties of perjury and was filed with the Internal Revenue Service, which said income tax return he did not believe to be true and correct as to every material matter in that the said return reported adjusted gross income in the amount of $ 37,088.14, whereas, as GEORGE F. BROWN then and there well knew and believed, he received substantial additional income during calendar year 1974, which included approximately $ 15,000 received from the Dixie Brewing Company, through its officers and employees, which was not reported as part of the adjusted gross income on the said income tax return; all in violation of Title 26, United States Code, Section 7206(1). COUNT II That on or about June 10, 1976, in the Middle District of Louisiana, GEORGE F. BROWN, did willfully and knowingly make and subscribe a United States Individual Income Tax *340 Return, Form 1040, for the calendar year 1975, which was verified by a written declaration that it was made under the penalties of perjury and was filed with the Internal Revenue Service, which said income tax return he did not believe to be true and correct as to every material matter in that the said return reported adjusted gross income in the amount of $ 31,760.12, whereas, as GEORGE F. BROWN then and there well knew and believed, he received substantial additional income during calendar year 1975, which included approximately $ 15,000 received from the Falstaff Brewing Corporation, through its officers and employees, which was not reported as part of the adjusted gross income on the said income tax return; all in violation of Title 26, United States Code, Section 7206(1). On June 15, 1977, petitioner was convicted by a jury on both counts of the indictment. All appeals have been exhausted and the judgment is now final. Petitioner herein is the same person who was the defendant in that case, and the respondent herein is a party in privity with the United States of America, the prosecuting party. OPINION Respondent asks us for a partial summary adjudication pursuant to Rule 121 *341 [5] that petitioner is estopped to deny for the taxable years 1974 and 1975 (1) that his returns were false and fraudulent; (2) that he omitted substantial amounts of income from those returns; and (3) that he is liable for the addition to tax under section 6653(b) for any corresponding underpayment of tax later determined by this Court to be owing. Section 6653(b) provides in relevant part that: [i]f any part of any underpayment * * * of tax required to be shown on a return is due to fraud, there shall be added to the tax an amount equal to 50 percent of the underpayment. Unlike the deficiency itself, the burden of proving the applicability of the addition to tax for fraud for each taxable year rests on the respondent. Such burden must be met by clear and convincing evidence. Section 7454(a); Rule 142(b); Marcus v. Commissioner, 70 T.C. 562 (1978), affd. without *342 opinion 621 F.2d 439 (5th Cir. 1980). The evidence proffered by respondent must demonstrate that petitioner acted with specific intent to evade a tax believed to be owing. Mitchell v. Commissioner, 118 F.2d 308, 310 (5th Cir. 1941); Brountas v. Commissioner, 73 T.C. 491, 587 (1979). However, respondent is not required to prove the exact amount of the underpayment resulting from fraud, but only that "any part" of the underpayment is attributable to fraud. Otsuki v. Commissioner, 53 T.C. 96, 105 (1969). Petitioner was convicted by a jury of violating section 7206(1)[6] *344 for the years 1974 and 1975, the same years at issue here. All appeals have been exhausted and the conviction is now final. On several occasions this Court has considered the impact of a criminal tax conviction on a subsequent assertion of the section 6653(b) civil fraud penalty. In Amos v. Commissioner, 43 T.C. 50 (1964), the taxpayer had been previously convicted of tax evasion under section 7201. We held there that the ultimate facts required to be established under sections 7201 and 6653(b) were identical and that therefore the taxpayer was collaterally estopped [7] to deny the applicability of the civil fraud penalty. *343 In Considine v. Commissioner, 68 T.C. 52 (1977), we considered whether a taxpayer convicted under section 7206(1) could be similarly estopped from denying the applicability of the section 6653(b) addition to tax for fraud in a subsequent civil proceeding. Unlike section 7201, section 7206(1) does not require proof of an underpayment of tax. Therefore, the narrow issue we addressed and answered affirmatively in Considine was whether collateral estoppel should apply to those litigated facts which are necessary both to the conviction under section 7206(1) and the addition to tax under section 6653(b). We held that the taxpayer was collaterally estopped from denying that his return for the year relating to the conviction was false and fraudulent [8] *345 and that there was an omission of income from his return of that year. However, he was not estopped from denying either the exact amount of the omission [9] of that there was an underpayment of tax because those facts were not essential to the judgment of conviction under section 7206(1). In Goodwin v. Commissioner, 73 T.C. 215 (1979) (Court reviewed), we again considered the applicability of collateral estoppel to a conviction under section 7206(1) and a subsequent assertion of the section 6653(b) addition to tax. Following Considine, this Court held that the petitioner was estopped to deny that his return *346 was false and fraudulent and that he omitted substantial amounts of income for each of the years at issue (73 T.C. at 227). Thus, respondent's burden was reduced to proving merely that the omitted items of income resulted in an underpayment of tax. As in Goodwin, the instant petitioner's conviction under section 7206(1) was based on the willful subscribing under penalties of perjury a Federal income tax return known or believed to be incorrect in that income was omitted therefrom. The indictment charged that Mr. Brown received two payments of approximately $ 15,000 each which were not reported on his Federal income tax returns for 1974 and 1975. Based on the application of the above-discussed principles enunciated in Considine and Goodwin, we hold that the petitioner is estopped to deny that his returns for the years at issue were false and fraudulent and that he omitted substantial amounts of income from his returns for those years. Thus, respondent's burden of proof relating to the imposition of the section 6653(b) addition to tax is reduced to demonstrating that the omitted amounts of income resulted in an underpayment of tax. Accordingly, respondent's motion for partial summary *347 judgment is granted. An appropriate order will be entered. Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended and in effect for the taxable years at issue. ↩
2. Unless otherwise indicated, any reference to "Rules" shall be deemed to refer to the Tax Court Rules of Practice and Procedure.↩
3. Petitioner has conceded that the conviction is now final.↩
4. Respondent's Answer contended that collateral estoppel also applied to prevent petitioner from denying that he "received as income the $ 15,000 payment from Mr. Janneck [of Dixie Brewing Company] in 1974 and the $ 15,000 payment from Mr. Gregg [of Falstaff Brewing Corporation] in 1975 which amounts were not reported as income on petitioner's income tax returns." This assertion does not appear in respondent's motion for partial summary judgment and we note that the indictment under which petitioner was convicted charges only that he "received substantial additional income * * * which included approximately↩ $ 15,000" each year. The precise amount of the unreported income was not essential to the judgment or actually litigated in the criminal case.
5. Under Rule 121↩, a partial summary adjudication may be made "if the pleadings, answers to interrogatories, depositions, admissions, and any other acceptable materials, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law."
6. SEC. 7206. FRAUD AND FALSE STATEMENTS. Any person who-- (1) Declaration under penalties of perjury.-- Willfully makes and subscribes any return, statement, or other document, which contains or is verified by a written declaration that it is made under the penalties of perjury, and which he does not believe to be true and correct as to every material matter. shall be guilty of a felony and, upon conviction thereof, shall be fined not more than $ 5,000, or imprisoned not more than 3 years, or both, together with the costs of prosecution. ↩
7. In Commissioner v. Sunnen, 333 U.S. 591, 601↩ (1948) the Supreme Court held that "where a question of fact essential to the judgment is actually litigated and determined in the first tax proceeding, the parties are bound by that determination in a subsequent proceeding even though the cause of action is different." 8. In Amos v. Commissioner, 43 T.C. 50, 55 (1964), we stated that the term "willfully" as used in section 7201 encompasses all the elements of fraud envisioned by the section 6653(b) civil fraud penalty. In United States v. Bishop, 412 U.S. 346 (1973), and United States v. Pomponio, 429 U.S. 10 (1976), the Supreme Court defined "willfully" as a voluntary intentional violation of a known legal duty and held that that term as used in sections 7201-7206 has the same meaning. Thus, "a conviction under section 7206(1) for willfully making a return which the taxpayer does not believe to be true and correct is proof that the return is fraudulent." Considine v. Commissioner, 68 T.C. 52, 61 (1977). Petitioner argues that this conclusion resulted from a misreading of Amos. We reconsidered and upheld that conclusion in Goodwin v. Commissioner, 73 T.C. 215↩ (1979) (Court reviewed) and decline the invitation to subject it to further scrutiny. 9. In Considine, the only allegation of incorrectness in the tax return in the criminal case was the omission of captial gains received on the assignment of a trust deed and note. Thus, a finding that there was an omission of capital gains and that such omission was a "material matter" was essential to the judgment of conviction under section 7206(1). The exact amount of such omission, however, was not material (68 T.C. at 62↩).