UNITED STATES of America,
Plaintiff-Appellee,

v.

James L. GRIGGS, Defendant-Appellant.

UNITED STATES of America,
Plaintiff-Appellee,

v.

Curtis G. BRIDGES,
Defendant-Appellant.

Nos. 82–8319, 82–8449.

United States Court of Appeals,
Eleventh Circuit.

Aug. 29, 1983.

James S. Schuster, Marietta, Ga. (Court Appointed), for defendant-appellant, James L. Griggs.

Gerrilyn G. Brill, Asst. U.S. Atty., Atlanta, Ga., for plaintiff-appellee.

Michael K. McIntyre, Federal Defender Program, Inc., Atlanta, Ga., for defendant-appellant, Curtis G. Bridges.

Before HILL, KRAVITCH and HENDERSON, Circuit Judges.

## PER CURIAM:

Appellant Curtis Bridges was convicted on three counts of executing a scheme and artifice to defraud and to obtain money by false representations and use of the United States mail in violation of 18 U.S.C. § 1341 and seven counts of attempting to execute said scheme by inducing, by means of misrepresentations, persons to travel and be transported in interstate commerce, 18 U.S.C. § 2314. Appellant James Griggs was convicted of five counts under 18 U.S.C. § 2314; one mail fraud count, 18 U.S.C. § 1341; and two counts of violating 15 U.S.C. §§ 77q(a) and 77x, by using transportation and communication in interstate commerce wilfully to obtain money by means of untrue statements of and omission to state material facts.

Appellants allege a violation of the precepts of *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). Prior to trial appellant Bridges requested that the prosecutor produce all information in her files which was "exculpatory in nature or favorable to the accused or which may lead to exculpatory material including" information in the following categories:

1) any and all information concerning the number of dealerships sold;

2) the addresses of any dealerships still in existence;

3) any representations made by the defendant to the alleged victims which were true;

4) any promises made by the Defendant to the alleged victims which were kept;

5) any statements made by the Defendant to the alleged victims which arguably indicates that there was no intent to defraud; and

6) any other information or material which arguably shows there was no intent to defraud by the Defendant.

The prosecutor declared that no such information existed. She did produce a list of all witnesses she intended to call at trial.

During trial, on cross-examination of several of these witnesses, defense counsel evoked arguably exculpatory testimony, going to the witnesses' beliefs that defendants were hard-working and attempting to run a legitimate business, in the success of which they believed. A defense witness informed defense counsel that he also had disclosed similar arguably exculpatory material to the prosecutor prior to trial.

Based on these occurrences, counsel for both defendants asserted that the prosecutor had failed to comply with the pretrial *Brady* request and asked the trial court to conduct an *in camera* inspection of the prosecutor's files. The district court denied the request on the basis that unless the prosecutor has doubts as to the non-existence of *Brady* material the district court has no power to conduct an *in camera* inspection. Supplemental Record on Appeal, Vol. 2, page 6.

Appellants argue (1) that the prosecutor should have disclosed prior to trial the exculpatory statements extracted at trial, and (2) that the failure to do so may indicate the "tip of the iceberg" of other nondisclosed *Brady* material that was never brought out at trial.

As to the first argument, *Brady* does not give defendants a right to have the government construct the defense and identify defense witnesses. *United States v. Herbst,* 641 F.2d 1161, 1168 n. 11 (5th Cir. 1981);[1] *United States v. Brown,* 628 F.2d

---

1. The Eleventh Circuit, in the en banc decision *Bonner v. City of Prichard,* 661 F.2d 1206 (11th Cir.1981), adopted as precedent decisions of the former Fifth Circuit rendered prior to October 1, 1981.

471, 473 (5th Cir.1980); *United States v. Prior,* 546 F.2d 1254, 1259 (5th Cir.1977); *United States v. Ruggiero,* 472 F.2d 599, 604 (2d Cir.1973), *cert. denied,* 412 U.S. 939, 93 S.Ct. 2772, 37 L.Ed.2d 398 (1975) (cited with approval in *United States v. Cravero,* 545 F.2d 406, 420 n. 46 (5th Cir.1977)). Where defendants, prior to trial, had within their knowledge the information by which they could have ascertained the alleged *Brady* material, there is no suppression by the government. "Irrespective of whether the statement[s] here [were] exculpatory evidence under *Brady,* a question we do not reach, there is no *Brady* violation when the accused or his counsel knows *before trial* about the allegedly exculpatory information .... " *United States v. Cravero,* 545 F.2d 406, 420 (5th Cir.1977) (Emphasis added).

█ Pretrial, defendants were given the list of potential government witnesses and had within their knowledge the names of all former employees of their companies from whom the allegedly exculpatory information was extracted at trial. Accordingly, while the better course may have been for the government to disclose the statements if it had knowledge thereof, no new trial is warranted for failure to do so.

█ As to the second prong of the *Brady* claim, although appellants have pointed to no specific exculpatory evidence that may have been suppressed, there is some merit to the contention that, if the arguably exculpatory statements of witnesses discussed *supra* were in the prosecutor's file and not produced, failure to disclose indicates the "tip of an iceberg" of evidence that should have been revealed under *Brady.* It would have been appropriate for the trial court to conduct an *in camera* review of the files to detect any such suppression. *United States v. Brown,* 574 F.2d 1274, 1278–79 (5th Cir.1978), *affirmance after remand,* 628 F.2d 471 (5th Cir.1981); *United States v. Deutsch,* 475 F.2d 55, 58 (5th Cir. 1973). *Cf. United States v. Crockett,* 534 F.2d 589, 602 (5th Cir.1976) (where any suppressed information could not have been material to the defense, no remand to determine whether evidence was suppressed

or whether prejudice resulted therefrom is necessary).

Following the procedure set forth in several prior cases, we remand for the limited purpose of the trial court conducting an *in camera* review. *See United States v. Brown,* 574 F.2d at 1278–79; *United States v. Deutsch,* 475 F.2d at 58. *Cf. United States v. Rivero,* 532 F.2d 450 (5th Cir.1976). A new trial is not warranted unless material information actually was suppressed. Materiality is to be adjudged in this situation, where general requests for categories of exculpatory information were made, by whether the evidence is exculpatory and of sufficient significance to have affected the result of the trial. *United States v. Agurs,* 427 U.S. 97, 96 S.Ct. 2392, 2402, 49 L.Ed.2d 342 (1976). If no suppression of material information occurred, judgment of conviction should be reentered to allow appellants an opportunity to appeal from disposition of this one issue. If material information was suppressed, a new trial should be granted.

A careful review of the record reveals all other claims raised by both appellants are without merit, and, but for the *Brady* issue discussed *supra,* the convictions would be affirmed by operation of Rule 25 of this court.

REMANDED.