**UNITED STATES COURT OF APPEALS**
**for the Fifth Circuit**

_____

No. 94-30094
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

VERSUS

ROBERT RICH,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Eastern District of Louisiana
(CA-93-1884; CR-89-87-F)

_____

(June 7, 1995)

Before GARWOOD, HIGGINBOTHAM and DAVIS, Circuit Judges.

PER CURIAM:[1]

Rich appeals the district court's dismissal of his § 2255 petition. We affirm.

I.

Following a jury trial, Rich was found guilty of all counts in a sixteen-count indictment, including: 1) conducting a continuing criminal enterprise; 2) conspiring to possess amphetamine with the intent to distribute; 3) possession of amphetamine with the intent

---

[1] Local Rule 47.5 provides: "The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession." Pursuant to that Rule, the court has determined that this opinion should not be published.

to distribute; and 4) twelve counts of using a telephone to facilitate a drug felony. Rich was sentenced to approximately forty years imprisonment, along with fifteen concurrent three-year terms of supervised release. Rich's conviction and sentence were affirmed on direct appeal. United States v. Rich, No. 90-3352 (5th Cir. Nov. 18, 1991)(unpublished), cert. denied, 112 S. Ct. 2279 (1992).

Rich then filed this § 2255 petition in the district court, alleging over thirty grounds for relief. On appeal, petitioner raises only the following issues: 1) whether the government withheld exculpatory evidence in violation of Brady; 2) whether Rich was denied his right to be present in the courtroom during a brief segment of the trial; 3) a number of claims concerning whether he received ineffective assistance of trial counsel; and 4) a number of claims concerning whether he received ineffective assistance of appellate counsel.

A magistrate judge recommended denial of all of Rich's claims without a hearing except for two of his contentions concerning ineffective assistance of counsel: (1) whether he and his trial counsel had such a conflict that they did not confer on the PSR; and (2) whether Rich's appellate counsel was aware that the government had targeted him personally as a possible participant in the conspiracy such that it affected his performance as Rich's counsel. After conducting an evidentiary hearing on these two issues, the magistrate judge entered a dismissal of them as well. The district court overruled Rich's objections to the magistrate's

2

recommendations and dismissed Rich's petition with prejudice.  Rich filed a timely appeal.

II.

A.

For his Brady claim, Rich contends that the government withheld exculpatory statements made by a co-conspirator, Dennis Young, that would have tended to refute the testimony of the government's key witness, Margaret McCauley, that she obtained the drugs sold to an undercover agent, Carl Park, from Rich, in the presence of Young.  In support of his § 2255 motion, Rich filed an affidavit of Dennis Young in which Young avers that he told the Government "during debriefing prior to sentencing" that McCauley obtained the drugs in question not from Rich but from her ex-husband, Bobby Chestnut.  The affidavit also states that Young never saw Rich give drugs to McCauley and that Young "was present at all times when Margaret McCauley was in the company of Robert Rich" and that "[a]t no time was Margaret McCauley in the company of Robert Rich that [Young] was not present."

We agree with the magistrate judge that Young's statements as set forth in his affidavit are not Brady material because, by the affidavits admission, Rich was already privy to any information Young may have given the government.  See United States v. Brown, 628 F.2d 471, 473 (5th Cir. 1980).  By Young's admission, he was present at all times when McCauley was in Rich's company.  Thus, any information provided by Young regarding Rich's contact with McCauley was already known by Rich because he was present.  Rich

3

could have called Young as a defense witness without waiting to learn that Young exculpated him in debriefing. The magistrate correctly rejected this claim.

## B.

Rich next contends that he was denied the right to be present in the courtroom when the jury, during deliberations, sent a message to the court which the district judge responded to without affording defendant an opportunity to object. The record indicates that the jury requested assistance from the district court regarding an exhibit admitted at trial and that the district judge responded that he could not give the jury "any assistance in finding information that is in evidence.

Rich argues that his absence from the courtroom when the jury's note was received and replied to violated Fed. R. Crim. P. 43. Rule 43 provides that the defendant shall be present at every stage of the trial, with certain exceptions. This issue is not of constitutional dimension and could have been raised on direct appeal. It is not therefore cognizable under § 2255. See United States v. Shaid, 937 F.2d 228, 232 n.7 (5th Cir. 1991) (en banc), cert. denied, 502 U.S. 1076 (1992). The district court correctly rejected this claim.

## C.

As to the rest of Rich's arguments, we have carefully reviewed the magistrate judge's findings and find them fully supported by the record. We have also reviewed the magistrate judge's legal conclusions and find no error. For reasons assigned in the

4

thorough report and recommendation of the magistrate filed on November 15, 1993, and supplemented on December 6, 1993, we conclude that the district court correctly accepted the magistrate's report and recommendation and correctly rejected these claims.

AFFIRMED.