**UNITED STATES COURT OF APPEALS**
**FIFTH CIRCUIT**

_____

No. 95-21033

(Summary Calendar)
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LAMBERT LUCIOUS,

Defendant-Appellant.

_____

Appeal from the United States District Court
For the Southern District of Texas
(CR H-92-141-01)

_____

November 26, 1996

Before DAVIS, EMILIO M. GARZA, and STEWART, Circuit Judges.

PER CURIAM:[*]

Lambert Lucious appeals the district court's denial of his petition for writ of habeas corpus. We affirm.

A jury convicted Lucious of conspiracy to import and possess more than one kilogram of heroin with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(i), 952, 960, and

---

[*] Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

963. The judge sentenced him to serve two concurrent terms of 188 months followed by concurrent five-year terms of supervised release. Lucious appealed his conviction to this court, claiming that it was based on impermissible extrinsic act evidence and hearsay. We detailed the facts of the criminal case, and our conclusions that Lucious's claims were meritless, in an unpublished per curiam opinion styled *United States v. Lucious*, No. 93-2205 (5th Cir. April 4, 1994).

Lucious then filed this petition for writ of habeas corpus, making four arguments that he did not raise on direct appeal. The district court granted the government's motion for summary judgment, from which Lucious now appeals. Lucious argues for the first time on habeas appeal (1) that his conviction was obtained by testimony the prosecution knew or should have known was false; (2) that the district court erred in denying his motion for continuance so his wife could testify; (3) that the prosecutor suppressed material, favorable evidence in violation of *Brady v. Maryland*; and (4) that his counsel was ineffective because he failed to conduct an adequate investigation and failed to impeach a prosecution witness.

A defendant who has been convicted and has exhausted or waived his right to appeal is presumed to have been "fairly and finally convicted," *United States v. Shaid*, 937 F.2d 228, 231-32 (5th Cir. 1991) (en banc), *cert. denied*, 502 U.S. 1076, 112 S. Ct. 978, 117

L. Ed. 2d 141 (1992), and a collateral challenge may not serve as an appeal. *United States v. Frady*, 456 U.S. 152, 168, 102 S. Ct. 1584, 1594-95, 71 L. Ed. 2d 816, *reh'g denied*, 456 U.S. 1001, 102 S. Ct. 2287, 73 L. Ed. 2d 1296 (1982); *Shaid*, 937 F.2d at 231. Therefore, a defendant who raises a constitutional or jurisdictional issue for the first time on a petition for habeas corpus must show both cause for the default and actual prejudice resulting from the error. *Frady*, 456 U.S. at 168; *Shaid*, 937 F.2d at 232. The only exception to the cause and prejudice standard is the extraordinary case in which a constitutional violation results in the conviction of one who is actually innocent. *Shaid*, 937 F.2d at 232.

Lucious argues that the ineffectiveness of his counsel, who was terminally ill with brain cancer, constitutes the "cause" for his failure to raise these issues on direct appeal. We need not decide whether his counsel met the guarantees of the Sixth Amendment or whether the asserted shortcomings of his counsel were sufficient cause for failing to raise his claims on direct appeal, however, because Lucious has failed to show that prejudice has been established.

Lucious first contends that his conviction was obtained by testimony the prosecution knew or should have known was false. Specifically, Lucious contests the identity of Edwin Williams, a key prosecution witness, who Lucious claims is actually a drug

smuggler named Boniface Okechukwu Nwisu.  At trial, Lucious's counsel cross-examined Williams about his identity, asking him specifically whether or not he was Nwisu, and counsel introduced evidence at trial to impeach Williams's allegedly false testimony. In addition, Lucious's attorney used evidence about Williams's identity in closing remarks.  Lucious has failed to show why the witness's name is at all material to Lucious's innocence or guilt for drug smuggling.  Therefore, he fails to show sufficient prejudice to justify a collateral challenge under *Shaid*.

Lucious argues that the district court denied him due process, the effective assistance of counsel, and his right to compulsory process by denying Lucious's motion to continue his trial so that his wife could testify on his behalf at a later date.  According to Lucious, his wife would testify that she did not see Lucious and his alleged coconspirators ingesting drug-filled balloons in the couple's home in Lagos, Nigeria.  Lucious did not challenge the denial of his motion for continuance on direct appeal, and he has not shown how he was prejudiced by his wife's failure to testify. Taken at face value, Lucious's version of what his wife would say under oath is not inconsistent with the testimony at trial, since the conspirators could easily have ingested the drugs outside of her presence.  His claim that the lack of his wife's testimony rises to a constitutional violation is therefore insufficient to show prejudice.

-4-

Lucious also claims that the prosecution withheld exculpatory evidence from him in violation of *Brady v. Maryland*, 373 U.S. 83, 83 S. Ct. 1194, 10 L. Ed. 2d 215 (1963). As examples of such evidence, Lucious cites Williams's real name, fingerprints, and immigration records; the statement that coconspirator Anthony Omagbemi allegedly gave to police on arrest; and the alleged statement of coconspirator Charles Igbokwe on arrest. The defense's cross examination at trial reflects that Lucious was in possession of some of the evidence allegedly suppressed. *Brady* does not require the disclosure of evidence that is available to the defense. *United States v. Brown*, 628 F.2d 471, 473 (5th Cir.), *reh'g denied*, 633 F.2d 582 (5th Cir. 1980). As to the rest of the evidence, Lucious has completely failed to demonstrate that any such evidence would have been favorable to his defense. Thus the evidence satisfies neither the favorableness requirement of *Brady* nor the prejudice requirement of *Shaid*.

Lucious raises an ineffective assistance of counsel claim, asserting that his terminally ill lawyer failed to interview Omagbemi, Williams, and Igbokwe; failed to investigate Lucious's records for an alibi; and failed to impeach Williams at trial. Lucious does not assert how performance of any of these tasks by counsel would be material to the outcome of the trial, and thus he has failed to show prejudice under *Shaid*.

The only exception to the "cause and prejudice" requirements

of *Shaid* is where the petitioner can show that a constitutional violation probably resulted in the conviction of an innocent person. *United States v. Flores*, 981 F.2d 231, 236 (5th Cir. 1993). To show "actual innocence," a petitioner must establish that "there is a fair probability that, in light of all the evidence, a reasonable trier could not find all the elements necessary to convict the defendant of that particular crime." *Johnson v. Hargett*, 978 F.2d 855, 859 (5th Cir. 1992), *cert. denied*, 507 U.S. 1007, 113 S. Ct. 1652, 123 L. Ed. 2d 272 (1993). Lucious has shown neither a constitutional violation nor actual innocence. In light of the detailed testimony of the coconspirators concerning the drug smuggling operation, it is clear that a reasonable trier could find each element necessary to convict Lucious.

Having failed to raise any of the above challenges on direct appeal, Lucious had to show both cause and actual prejudice in his trial. Lucious has not shown how any of the four alleged errors was prejudicial, and we therefore hold that the district court correctly declined to overturn his conviction under § 2255.[1]

---

[1] We note that Lucious's appeal was pending when the President signed into law the Antiterrorism and Effective Death Penalty Reform Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996). Congress did not specify an effective date for § 102(c)(3), and this court has not decided whether amended § 2253 applies to pending § 2255 appeals. We decline to do so here. Because the petitioner is not entitled to relief under the less restrictive standards of § 2253 before amendment, the question of whether we deny relief under the more or less restrictive standard is moot. *See Boyle v. Johnson*, 93 F.3d 180, 188-89 (5th Cir. 1996) (declining to decide retroactivity of AEDPA to pending appeal because prisoner made insufficient showing under less restrictive standards).

Accordingly, we AFFIRM.