[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
May 6, 2008
THOMAS K. KAHN
CLERK

No. 07-11433
Non-Argument Calendar

_____

D. C. Docket No. 05-00021-CR-CDL-4

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MICHAEL ANTONIO NATSON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

**(May 6, 2008)**

Before EDMONDSON, Chief Judge, PRYOR and KRAVITCH, Circuit Judges.

PER CURIAM:

Michael Natson appeals his convictions for the murder of Ardena Carter and

her unborn child and argues that the government failed to investigate thoroughly possible exculpatory evidence.  Because our precedent establishes that the government is not required to develop evidence for the defense, we affirm.

## I. BACKGROUND

Carter and Natson had a romantic relationship.  Natson reported for National Guard duty in March 2003 and was assigned to Fort Benning in Columbus, Georgia.  Carter became pregnant in the spring of 2003 and told friends and family that Natson was the father of her unborn child.  Sometime between the evening of September 11, 2003, and the afternoon of September 12, 2003, Carter disappeared.  On September 12, around 2:00 a.m., Carter called Tia Clemmons, a friend, and told Clemmons that Carter and Natson were driving to Columbus to retrieve Carter's car.

The remains of Carter and her unborn child were discovered by a hunter in December 2003 in a wooded area of Fort Benning.  The rear of Carter's skull had an entrance wound from a gunshot that was sufficient to cause her death.  Natson voluntarily turned over his personal handgun to investigators on October 2, 2003.  In March 2004, a Federal Bureau of Investigation team found a spent cartridge near the site where the remains of Carter and her unborn child were found.  A forensic examination confirmed that the ballistic markings on the spent cartridge were

consistent with the markings on a cartridge test fired from Natson's gun.

Natson was charged with the murder of Carter, 18 U.S.C. § 1111; the willful killing of Carter's unborn child under Georgia law, Ga. Code Ann.§ 16-5-80, which is incorporated by federal law, 18 U.S.C. § 13; and carrying and using a firearm during the commission of the murder, 18 U.S.C. § 924(c)(1) & (j). During his trial, Natson moved for dismissal on the ground that the government violated his constitutional right to an impartial investigation. He renewed this argument in his motion for acquittal under Federal Rule of Criminal Procedure 29. The jury returned guilty verdicts on all charges. After the verdict, the district court denied Natson's motion for acquittal.

## II. STANDARD OF REVIEW

We review the legal conclusions of the district court <u>de novo</u> and the factual findings for clear error. <u>United States v. Brown</u>, 9 F.3d 907, 910 (11th Cir. 1993).

## III. DISCUSSION

On appeal, Natson argues that his due process rights were violated because "the case investigators, intentionally and calculatingly, refused to develop information . . . which might implicate" other suspects. Natson argues that the investigators should have followed leads concerning the possible father of Carter's

3

unborn child and leads concerning the possible whereabouts of Carter. Natson also suggests that the location of the spent cartridge by the Bureau was "suspicious."

Natson's argument fails. The prosecution is required to disclose exculpatory evidence, but the prosecution is not required to disclose evidence it does not possess. United States v. Rodriguez, 917 F.2d 1286, 1291 (11th Cir. 1990), vacated in part on other grounds, 935 F.2d 194 (11th Cir. 1991). The government also is not required to develop exculpatory evidence for the defense. United States v. Griggs, 713 F.2d 672, 673–74 (11th Cir. 1983); United States v. Walker, 559 F.2d 365, 373 (5th Cir. 1977).

## IV. CONCLUSION

We **AFFIRM** Natson's conviction.