[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

Nos. 09-13166, 09-13167 and 09-13294
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 30, 2010
JOHN LEY
CLERK

D. C. Docket No. 02-20030-CR-UU

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SHEMTOV MICHTAVI,

Defendant-Appellant.

_____

Appeals from the United States District Court
for the Southern District of Florida

_____

(July 30, 2010)

Before TJOFLAT, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

Shemtov Michtavi, a federal prisoner, appeals pro se the denial of three post-

trial motions. Michtavi argues that he was entitled to a new trial based on newly-discovered evidence, Fed. R. Crim. P. 33(b)(1), the district judge should have recused from his post-trial proceedings, 28 U.S.C. §§ 144, 455, and his passport should have been retained by the clerk of the district court. We affirm.

Michtavi argues that he is entitled to a new trial because the government violated his constitutional right to due process, see Giglio v. United States, 405 U.S. 150, 92 S. Ct. 763 (1972), and Brady v. United States, 397 U.S. 742, 90 S. Ct. 1463 (1970), and his rights under the Jencks Act, 18 U.S.C. § 3500, by failing to disclose evidence that allegedly supported his defense and conflicted with the trial testimonies of coconspirator Mordechai Cohen and a fellow inmate, Hod Shlit, but we disagree. Michtavi argues about discovering new translations of three interviews between Cohen and the Israeli National Police, but Michtavi had tape recordings of Cohen's interviews that Michtavi could have used at trial to expose any inconsistent statements. See United States v. Brown, 628 F.2d 471, 473 (5th Cir. 1980) ("In no way can information known and available to the defendant be said to have been suppressed by the Government."). The government could not have produced either the translations or statements that inmate Shlit made at his later Rule 35 hearing because they did not exist at the time of Michtavi's trial. See United States v. Vallejo, 297 F.3d 1154, 1164 (11th Cir. 2002). In any event, any

2

inconsistencies between Cohen's and Shlit's testimonies and the new transcripts and Shlit's statements were minor, did not establish either witness had perjured himself, and "would have provided, at most, cumulative impeachment of [the witnesses'] testimony." Routly v. Singletary, 33 F.3d 1279, 1286 (11th Cir. 1994). Despite Michtavi's argument to the contrary, Shlit's statements did not suggest that he was a government agent when he befriended Michtavi in prison. See United States v. Calderon, 127 F.3d 1314, 1354–55 (11th Cir. 1997).

Michtavi also argues about statements that another coconspirator, Baruch Dadush, made to Israeli authorities in June and November of 2004, but Dadush's statements were inadmissible hearsay. Even if Dadush's statements had been admissible, they were consistent with Cohen's testimony, see Crowe v. Hall, 490 F.3d 840, 846 (11th Cir. 2007), and implicated Michtavi in the drug conspiracy. The district court did not abuse its discretion by denying Michtavi's motion for a new trial without an evidentiary hearing.

Michtavi next argues that the district judge was biased and should have recused from his post-trial proceedings, but again we disagree. Recusal is required "only if 'an objective, disinterested, lay observer fully informed of the facts underlying the grounds on which recusal was sought would entertain a significant doubt about the judge's impartiality.'" United States v. Amedeo, 487 F.3d 823,

828 (11th Cir. 2007) (quoting United States v. Patti, 337 F.3d 1317, 1321 (11th Cir. 2003)).  Michtavi complains about adverse rulings and delays in ruling on his numerous post-trial motions, but "[n]either the district judge's delay, nor [her] adverse rulings, constitute the sort of 'pervasive bias' that necessitates recusal." Loranger v. Stierheim, 10 F.3d 776, 781 (11th Cir. 1994).  Michtavi also complains about his sentence, but we ruled on direct appeal that Michtavi's sentence is reasonable, United States v. Michtavi, No. 06-11514, slip op. at 2–3 (11th Cir. May 24, 2007).  The district court did not abuse its discretion by denying Michtavi's motion to recuse.

Finally, Michtavi argues that the clerk violated a local rule by failing to retain his passport, but this argument is frivolous.  Although the clerk is required to store "[a]ll exhibits received or offered in evidence" unless the district court directs otherwise, S.D. Fla. R. 5.3(A), the exhibits must be "removed by the filing party within three months after final adjudication of the action or proceeding and disposition of any appeal" or the "exhibits may be destroyed or otherwise disposed of as the Clerk . . . deem[s] proper," S.D. Fla. R. 5.3(C).  Even if we assume the clerk failed to comply with the rule, Michtavi was not prejudiced by the violation. Michtavi's passport was not destroyed and he submitted copies of his passport with his post-conviction pleadings.  The district court did not abuse its discretion by

4

denying Michtavi's motion to return his passport to the clerk.

We **AFFIRM** the denial of Michtavi's post-trial motions.