IN THE SUPREME COURT OF THE STATE OF NEVADA

RICKIE LAMONT SLAUGHTER,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 78760

FILED

OCT 15 2020

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S.Young
DEPUTY CLERK

*ORDER OF AFFIRMANCE*

This is an appeal from a district court order denying a postconviction petition for a writ of habeas corpus. Eighth Judicial District Court, Clark County; Douglas W. Herndon, Judge.[1]

Appellant filed his petition on November 20, 2018, more than four years after the remittitur issued on appeal from the judgment of conviction. *See Slaughter v. State*, Docket No. 61991 (Order of Affirmance, March 12, 2014). The petition was therefore untimely filed. *See* NRS 34.726(1). Moreover, appellant previously sought postconviction relief. *See Slaughter v. State*, Docket No. 70676-COA (Order of Affirmance, April, 19, 2017); *Slaughter v. State*, Docket No. 68532 (Order of Affirmance, July 13, 2016). The petition was therefore successive to the extent it raised claims that were previously litigated and resolved on their merits, and it constituted an abuse of the writ to the extent it raised new claims that could have been raised earlier. *See* NRS 34.810(1)(b)(2); NRS 34.810(2). Accordingly, the petition was procedurally barred absent a demonstration of good cause and actual prejudice, NRS 34.726(1); NRS 34.810(1)(b); NRS 34.810(3), or a showing that the procedural bars should be excused to

---

[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted in this appeal.

20-37948

prevent a fundamental miscarriage of justice, *Pellegrini v. State*, 117 Nev. 860, 887, 34 P.3d 519, 537 (2001), *abrogated on other grounds by Rippo v. State*, 134 Nev. 411, 423 n.12, 423 P.3d 1094, 1097 n.12 (2018).

Appellant argues he demonstrated good cause and prejudice sufficient to excuse the procedural bars because the State withheld three pieces of material evidence in violation of *Brady v. Maryland*, 373 U.S. 83 (1963). There are three components to a successful *Brady* claim: "the evidence at issue is favorable to the accused; the evidence was withheld by the state, either intentionally or inadvertently; and prejudice ensued, i.e., the evidence was material." *Mazzan v. Warden*, 116 Nev. 48, 67, 993 P.2d 25, 37 (2000). Evidence is material only when there is a reasonable probability or possibility—depending on whether there was a specific request for the evidence—that the result of the trial would have been different. *Id.* at 74, 993 P.2d at 41; *see also Strickler v. Greene*, 527 U.S. 263, 281 (1999) ("[S]trictly speaking, there is never a real 'Brady violation' unless the [Government's] nondisclosure was so serious that there is a reasonable probability that the suppressed evidence would have produced a different verdict."); *Kyles v. Whitley*, 514 U.S. 419, 434 (1995) ("A reasonable probability of a different result is accordingly shown when the government's evidentiary suppression undermines confidence in the outcome of the trial." (internal quotation marks omitted)).

When a *Brady* claim is raised in the context of a procedurally-barred postconviction petition, the petitioner has the burden of demonstrating good cause for his failure to present the claim earlier and actual prejudice. *State v. Bennett*, 119 Nev. 589, 599, 81 P.3d 1, 8 (2003). As a general rule, "[g]ood cause and prejudice parallel the second and third *Brady* components; in other words, proving that the State withheld the evidence generally establishes cause, and proving that the withheld

evidence was material establishes prejudice." *Id.* Additionally "a *Brady* claim still must be raised within a reasonable time after the withheld evidence was disclosed to or discovered by the defense." *State v. Huebler*, 128 Nev. 192, 198 n.3, 275 P.3d 91, 95 n.3 (2012). Our review is de novo. *See Bennett*, 119 Nev. at 599, 81 P.3d at 7-8 (reviewing de novo a *Brady* claim in a procedurally-barred petition).

First, appellant asserts the State withheld the outcome of a second photographic lineup—that none of the victims identified him in the second lineup. A photographic lineup was created for appellant, and four of the victims recognized appellant.[2] A second photographic lineup, which inadvertently included a different picture of appellant than the picture in the first lineup, was created for an alleged accomplice. While he always suspected none of the victims identified him in the second photographic lineup, appellant claims that he did not have proof of this fact until he deposed the detective in 2018. During the deposition, the detective said that he would never intentionally include two suspects in the same lineup, that the victims did not identify anyone in the second lineup, and that, consequently, the victims did not fill out anything or write anything down regarding the second lineup.

Appellant fails to show that the State withheld material evidence related to the second photographic lineup. Before trial, appellant was provided with copies of the second photographic lineup and knew that he was in the lineup. Before and during trial, appellant argued to the

---

[2]We reject appellant's argument that the suggestiveness of the first lineup—a claim previously considered and denied by this court in *Slaughter v. State*, Docket No. 61991, Order of Affirmance, at 2-3 (March 12, 2014)— should be reconsidered because the allegedly withheld results from the second lineup make his suggestiveness argument stronger.

Supreme Court
of
Nevada

(O) 1947A

3

district court that there was no notation or indication of his being identified. The outcome of the second lineup was therefore not withheld as appellant acknowledged during the pretrial hearings that there was no record of his being identified. But even assuming the outcome of the second lineup was withheld, appellant fails to show the materiality of the victims' inability to identify him in a second photographic lineup created for the alleged accomplice considering the other evidence against appellant, including in-court identifications by three of the victims, surveillance video showing appellant using a victim's ATM card shortly after the incident, *see Slaughter v. State*, Docket No. 61991, Order of Affirmance, at 3 (March 12, 2014) (giving deference to the district court's factual finding that appellant was depicted in the surveillance footage), and the fact that appellant's girlfriend owned a vehicle, to which appellant had access, resembling the witnesses' descriptions and containing "two firearms consistent with those used in the crimes and ammunition consistent with ballistic evidence recovered from the scene," *id.* at 2-3. Based on this evidence, appellant has not demonstrated a reasonable possibility that the result of trial would have been different had the outcome of the second lineup been disclosed. Therefore, the district court did not err in denying this claim as procedurally barred.

Second, appellant asserts the State withheld material evidence confirming the time of the 9-1-1 call. While acknowledging the State disclosed police reports referencing 7:11 p.m. in connection with the incident and the dispatch of officers, appellant claims that he had no explanation for what the time meant and that nothing explicitly stated the call time was 7:11 p.m. until he received a document in 2018. He claims this evidence would have shown the perpetrators left the scene at approximately 7:08 p.m., a fact he alleges was crucial to his alibi defense.

Appellant fails to show that the State withheld material evidence related to the time of the 9-1-1 call. Appellant was aware from police reports that at or about 7:11 p.m. officers were dispatched in reference to the incident. "Evidence is not suppressed if the defendant either knew or should have known of the essential facts permitting him to take advantage of any exculpatory evidence." *United State v. LeRoy*, 687 F.2d 610, 618 (2d Cir. 1982) (internal citations and quotation marks omitted); *see also United States v. Wilson*, 901 F.2d 378, 381 (4th Cir. 1990); *United States v. Brown*, 628 F.2d 471, 473 (5th Cir. 1980); *Carter v. Bell*, 218 F.3d 581, 601 (6th Cir. 2000); *United States v. Stuart*, 150 F.3d 935, 937 (8th Cir. 1998); *United States v. Griggs*, 713 F.2d 672, 674 (11th Cir. 1983); *People v. Superior Court (Johnson)*, 377 P.3d 847, 858-59 (Cal. 2015); *State v. Bisner*, 37 P.3d 1073, 1082-83 (Utah 2001); *State v. Mullen*, 259 P.3d 158, 166 (Wash. 2011). And this court has recognized, "a *Brady* violation does not result if the defendant, exercising reasonable diligence, could have obtained the information." *Rippo v. State*, 113 Nev. 1239, 1257, 946 P.2d 1017, 1028 (1997) (listing federal cases holding the same); *see also United States v. Aichele*, 941 F.2d 761, 764 (9th Cir. 1991) ("When, as here, a defendant has enough information to be able to ascertain the supposed *Brady* material on his own, there is no suppression by the government."); *Mass v. Quarterman*, 446 F.Supp.2d 671, 693 (W.D. Tex. 2006) (noting that "*Brady* imposes a duty of disclosure with regard to [exculpatory] *information*, regardless of what form that information might assume" and finding no *Brady* violation where specific reports were not disclosed but the substantive information from the reports was known by the defense).

Even assuming that confirmation of the 9-1-1 call time was withheld, appellant fails to show the materiality. While appellant relies on testimony from his girlfriend that he was picking her up ten miles away

from the scene of the crime between 7:00 p.m. to 7:15 p.m. but no later than 7:20 p.m. in order to demonstrate materiality, the jury also heard about a prior statement by the girlfriend and testimony of another witness that appellant picked his girlfriend up at 7:30 p.m. Moreover, the jury heard evidence that appellant attempted to fabricate his alibi on a phone call with his girlfriend. *See Slaughter v. State*, Docket No. 68532, Order of Affirmance, at 3 (July 13, 2016) (referencing the district court's finding that appellant made statements which indicated he was attempting to fabricate an alibi). Lastly, as noted above, appellant was identified in court by three of the victims and video surveillance showed him using one of the victim's ATM cards shortly after the incident. Considering all of the above, appellant failed to demonstrate a reasonable probability that the result of the trial would have been different had a document confirming the 7:11 p.m. call time been disclosed.

Third, appellant asserts the State withheld material impeachment evidence. He claims the evidence demonstrates that Jeffrey Arbuckle, a witness for the State, was biased against appellant based on the fact that Arbuckle called the police on appellant for trespassing approximately three weeks before the incident. Appellant fails to show that he raised this claim within a reasonable time after the allegedly withheld evidence was disclosed to or discovered by the defense. In his first postconviction petition, filed in 2015, appellant wrote: "In response to the verbal argument between [appellant] and Arbuckle, Arbuckle appears to have filed a police report /or complaint with the police on 06/03/2004, requesting that [appellant] be 'trespassed' from [the premise]. I personally discovered this information after trial, after receiving [defense counsel's] case file regarding my case and reviewing a 'print-out' of my S.C.O.P.E.-record which was contained in [defense counsel's] personal trial file."

Supreme Court
OF
Nevada

(O) 1947A

6

Because information about the trespass was included in trial counsel's folder, it does not appear that it was withheld by the State. Further, because appellant was aware of the underlying facts of this claim in 2015, he has not shown good cause for litigating the claim again in his 2018 petition. Therefore, the district court did not err in concluding that appellant has not demonstrated good cause or actual prejudice to excuse the procedural bars based on the alleged *Brady* violations.[3]

Next, appellant argues the procedural bars should be excused to prevent a fundamental miscarriage of justice because he is actually innocent of the crimes. Appellant claims new evidence, mainly the alleged *Brady* material set forth above, establishes a more solid alibi than was introduced at trial and demonstrates the victims' identifications were unreliable such "that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *Berry v. State*, 131 Nev. 957, 966, 363 P.3d 1148, 1154 (2015) (internal quotation marks omitted). While a colorable showing of actual innocence—factual innocence of the crime as opposed to legal insufficiency—may demonstrate a fundamental miscarriage of justice sufficient to overcome the procedural bars, *see Mitchell v. State*, 122 Nev. 1269, 1273-74, 149 P.3d 33, 36 (2006),

---

[3]To the extent appellant argues good cause for his ineffective-assistance-of-counsel claims related to the *Brady* material, this argument fails. Either the good cause for the delay is that the evidence was withheld from counsel—as appellant alleged for his *Brady* claims—or that counsel was ineffective for not discovering or using the evidence—a claim that is itself procedurally barred and cannot constitute good cause. *Hathaway v. State*, 119 Nev. 248, 252, 71 P.3d 503, 506 (2003). Additionally, appellant contends that his *Brady* claims establish good cause to (re)raise substantive claims regarding the suggestiveness of the first lineup and prosecutorial misconduct during closing argument. Because we have concluded that his *Brady* claims do not constitute good cause and actual prejudice to overcome the procedural bars, this argument also fails.

we conclude appellant has not made this showing. The alleged new evidence of appellant's alibi—that the perpetrators left the scene closer to 7:08 p.m. and not 7:00 p.m. and that Arbuckle called the police on appellant—does not demonstrate factual innocence when considering all the evidence produced at trial. And even incorporating new evidence that none of the victims identified appellant in a second lineup—a lineup prepared for an alleged accomplice—does not change that conclusion. In addition to three of the victims identifying appellant in court, appellant's girlfriend's car, to which appellant had access, resembled the car described by witnesses, and law enforcement found two firearms and ammunition in the car consistent with evidence recovered at the crime scene. Surveillance footage shows appellant using a victim's ATM card and appellant made statements that indicated he was attempting to fabricate his alibi. In light of this evidence, the outcome of the second lineup and small variances in the time the 9-1-1 call was placed and the time appellant picked up his girlfriend would not have made it more likely than not that no reasonable juror would have convicted him. Therefore, the district court did not err in denying this claim.

Lastly, appellant asks this court to reconsider and overrule its decision in *Brown v. McDaniel*, 130 Nev. 565, 331 P.3d 867 (2014), and hold that the failure to appoint postconviction counsel may constitute good cause in non-capital cases to excuse the procedural bars. Appellant claims that *Brown* was wrongly decided and that this court should instead follow the reasoning outlined in *Martinez v. Ryan*, 566 U.S. 1 (2012). "'[U]nder the doctrine of *stare decisis*, we will not overturn [precedent] absent compelling reasons for so doing.'" *Armenta-Carpio v. State*, 129 Nev. 531, 535, 306 P.3d 395, 398 (2013) (alterations in original) (quoting *Miller v. Burk*, 124 Nev. 579, 597, 188 P.3d 1112, 1124 (2008) (footnoted omitted)). "Mere

SUPREME COURT
OF
NEVADA

(O) 1947A

disagreement" with a prior decision is not a compelling reason to overturn precedent. *Miller*, 124 Nev. at 597, 188 P.3d at 1124. Instead, this court considers whether the prior decision has been proven "badly reasoned" or "unworkable." *State v. Lloyd*, 129 Nev. 739, 750, 312 P.3d 467, 474 (2013); *see also Kapp v. Kapp*, 31 Nev. 70, 73, 99 P. 1077, 1078 (1909) (concluding that, when an issue has been squarely presented and decided, "the point should not be unsettled, except for very weighty and conclusive reasons"). We conclude appellant has not demonstrated compelling reasons to overturn *Brown* and deny his request.

Having considered appellant's claims and concluded no relief is warranted, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Gibbons

_____, J.      _____, J.
Stiglich                                Silver

cc:    Hon. Douglas W. Herndon, District Judge
       Federal Public Defender/Las Vegas
       Attorney General/Carson City
       Clark County District Attorney
       Eighth District Court Clerk